CARY A. JAMISON, Respondent, *vs.* THE CITY OF SPRINGFIELD, Appellant.

1. *Land Commissioner—Condemnation of land—Assessment of damages—Separate action for.*—The verdict of a Land Commissioner's Jury awarding damages to the owner of land condemned for public use, is not exclusive of other remedies, where the Charter provides no method of coercing payment from the City of the sum awarded. In such case the land owner may, notwithstanding such verdict, bring his independent action against the City for the assessment and recovery of damages.

2. *Land Commissioner—Attempt to agree as to compensation—Assessment of damages to each property holder.*—Where a City Charter provides, that in condemning private property for public use, "if the amount of the compensation cannot be agreed upon, the Mayor shall cause the same to be assessed by a Jury," etc., but the record of the proceedings before the Land Commissioner shows no attempt on the part of the City to agree with the land owner as to such compensation; and where the record shows that the Mayor impanneled the Jury "to assess the damages to each and every property holder;" but further recites that the Jury simply stated in their finding, "that no private property holder sustained any damage," etc. *Held,* that such proceedings are wholly insufficient to divest the land owner of his title to the property. (See Anderson vs. City of St. Louis, 47 Mo., 479; Leslie vs. City, etc., *Id.* 474.)

3. *Land, condemnation of—Claim for damages caused by bringing street near door of plaintiff, etc.*—In suit against a City corporation for damages caused by the condemnation of a part of his lot of ground, he cannot claim compensation for "the damage and inconvenience caused plaintiff by bringing the street near his door." The measure of damages in such a case is the fair and reasonable value of the land taken.

*Appeal from Greene Circuit Court.*

*Crawford & Cravens,* for Appellant.

I. The matter in controversy was *res adjudicata* at the commencement of this suit.

II. If the respondent was aggrieved by the verdict of the Mayor's Jury, he had a complete and adequate remedy by *certiorari* and he should have pursued it. (49 Mo., 132; 45 *Id.* 361; Anderson vs. City of St. Louis, 47 Mo., 479; Ewing vs. St. Louis, 5 Wall, 413; 47 Mo., 474; 8 Wend., 47; 2 Bac. Abr., 162; 5 Binny R., 27; 8 Greenl'f, 293; 11 Mass., 466; 2 Yerger, 173.)

*J. P. Ellis,* for Respondent.

I. Where no adequate remedy is provided by the charter as in the present case, the common law right of action remains unaltered. (Soulard vs. City of St. Louis, 36 Mo., 546.)

II. Plaintiff had no right to the writ of *certiorari*. If the proceedings were void as to plaintiff, the writ would have been idle, for void proceedings can bar no action. But *certiorari* only brings up the record for review—what record was there in this cause? Only the written verdict of the Jury. To give plaintiff a remedy, it was necessary that evidence be taken of damages and benefits. This could not have been done on *certiorari*. (Ewing vs. St. Louis, 5 Wall., 418.)

Plaintiff being a stranger, not a party to the proceeding, would have had no right to the writ. *Certiorari* would give no remedy. Supposing on *certiorari*, the court had set aside the finding of the Mayor's Jury, still plaintiff could institute no proceeding to recover compensation unless in the present form of trespass. In other words, *certiorari* might enable him to set aside the verdict, but not to recover his compensation.

III. By the first Section of Article 9, of the City Charter, p. 309, special acts 155, it was only when the amount of compensation could not be agreed upon, that the city had the power to condemn. No proof was offered that an attempt to come to an agreement between plaintiff and defendant was ever made.

This was an essential precedent to the exercise of the power without which the proceedings were void. (Anderson vs. City of St. Louis, 47 Mo., 479.) In the case last cited, the court holds, that when the taking of property is unauthorized, that ejectment will lie, and hence we say tresspass will also lie.

VORIES, Judge, delivered the opinion of the court.

It is charged by the petition in this case that the plaintiff was on the — day of March, 1870, the owner of and in possession of a lot of ground in the City of Springfield, in Greene county, (which said land is particularly set forth in

the petition,) which said lot and land then was and now is situate upon and adjoining the north side of Walnut street, in said city ; that defendant on, and for a long time previous thereto, was and is an incorporated city duly incorporated, &c. ; and, as such, having power to open, alter, widen, vacate, extend or establish streets for public use within its corporate limits, and to take and appropriate necessary amounts of real estate or private property therefor, upon making just compensation to the owners thereof; that on the day and year first aforesaid, the defendant having previously opened and widened said Walnut street, by an ordinance approved January 18th, 1870, in the manner therein described in compliance with said ordinance, proceeded to appropriate and did appropriate a strip of land lying along the south side of the lot and land aforesaid, and extending the whole length thereof and being a part thereof; said strip being six feet wide at the east end and nine feet wide at the west end thereof ; that the defendant has wholly failed and neglected and refused to compensate plaintiff for the said strip of land so appropriated, and still refuses to compensate plaintiff therefor; that in consequence of the appropriation of said strip of land by the defendant, plaintiff is damaged in the sum of five hundred dollars, for which judgment is prayed.

The defendant by its answer admits its incorporation as a city with the powers stated in the petition. It avers that the city council of said city, by virtue of the authority in its charter, passed the ordinance specified in the petition to widen and extend Walnut street west from South street to the city limits ; that in pursuance of said charter, its Mayor caused a jury of six men, who were disinterested freeholders of the city, to be impanneled and sworn to assess the damages to each and every private property holder on said street, whose property was taken and appropriated to public use by widening and extending said Walnut street; that said Jury made their report and returned the same to the Mayor of the city in writing, signed by said jury ; that said report or inquest

so returned, stated that no private property holder on said street sustained any damage by reason of the widening and extending said street, except John Woods; which view and report included the street running south of the plaintiff's property in the petition.

Wherefore defendant says that plaintiff has no right of action against defendant, and judgment is prayed.

A trial was afterwards had upon the pleadings, and after the evidence was heard, the jury returned a verdict for the plaintiff for three hundred dollars, upon which judgment was rendered.

It is shown by a bill of exceptions in the cause, that the parties admit that the verdict of the jury as to the amount of damages found for the plaintiff under the instructions of the court, is supported by the evidence. After the plaintiff had closed the case on his part, the defendant introduced witnesses by whom he offered to prove, that they had served on a jury awarded by the Mayor of the city, for the purpose of assessing damages to the plaintiff for opening the street in front of plaintiff's premises, and that they viewed said premises as jurors, under oath, and that after taking into consideration the advantages and disadvantages to plaintiff in widening said street, they found that he was entitled to no damages or compensation from the city.

This evidence was objected to by the plaintiff. The court sustained the objection, and the defendant excepted. The defendant then offered to prove, by the inquest in writing, of said jury sworn to assess the damages aforesaid, that the provisions of the city charter of defendant had been complied with, and that the said jury had determined under oath that said plaintiff was not entitled to any compensation for the land taken as aforesaid, and that plaintiff failed to apply to the mayor within ten days after the return of said inquest, and show any good cause, or any cause whatever, why said inquest should be set aside, and a new assessment awarded. To the introduction of this last evidence, the plaintiff also objected, which objection being sustained, defendant again excepted.

The foregoing being all of the evidence given or offered in the case, the plaintiff at the close of the evidence, asked the court to instruct the jury as follows:

"In estimating the damages done plaintiff in taking land for street purposes, the jury have the right to consider the amount of land taken, its location, the trees, shrubbery and other things situate upon it, the damage and inconvenience of plaintiff by bringing the street up near the door of the plaintiff, and all the other facts connected with the taking of the property."

To the giving of this instruction, the defendant objected, and his objection being overruled, he again excepted. The court was requested by the defendant to instruct the jury as follows:

1st. "That if they find from the pleadings in this case or from the evidence, that the land taken from the plaintiff, and appropriated to the street, was so taken or appropriated in pursuance of an ordinance of the city council, under and by virtue of the city charter, and that a jury of six disinterested persons, freeholders of said city, proceeded to assess compensation therefor, their verdict is conclusive in the matter unless the mayor of the city on good cause shown within ten days after such inquest of the jury, set the same aside."

2nd. "It devolves on the plaintiff to prove to the satisfaction of the jury, that the property mentioned in his petition, was appropriated by the city, and the damage occasioned thereby; and if he fails to do either, they must find for the defendant."

3rd. "If the jury believe from the testimony taken in connection with all the facts and circumstances, that plaintiff was not injured by the appropriation of the strip of ground, described in straightening Walnut street in front of plaintiff's lot, they will find for defendant."

The court refused to give the instruction numbered one, but gave those numbered two and three. To the refusal to give instruction numbered one by the court, the defendant at the time excepted. After the judgment had been rendered against

the defendant, it moved the court to set aside the verdict, and to grant a new trial for the reasons, that the verdict of the jury was against the evidence, because the verdict was contrary to the instructions of the court, and because the court erred in giving and refusing instructions.

This motion being overruled, the defendant again excepted.

The defendant then filed a motion in arrest of the judgment, because the answer of the defendant constituted a complete defense to the plaintiff's action, and it was not replied to, because the court had no jurisdiction of the subject of the action ; because the remedy furnished the defendant by the city charter is exclusive, and because the petition does not state facts sufficient to constitute a cause of action. This motion also being overruled, the plaintiff again excepted, and appealed to this court.

It is insisted by the appellant in this court, that the court below had no jurisdiction of the case ; that the mode pointed out by the statute for the condemnation of land for street purposes, and the manner of ascertaining the value of the property taken, and the payment of the price therefor in the charter of defendant, is exclusive, and that the plaintiff had no remedy when his property was taken for street purposes, but to follow the mode pointed out in the charter. In answer to this, it is only necessary to say that the charter of defendant affords no remedy to the plaintiff, where his property is unlawfully taken for street purposes, or for other public purposes. A means is provided by which the city can ascertain the value of property desired for said purposes, and then can take the property without the consent of the owner by paying the value thus ascertained ; but if the city should take the property and refuse to pay the owner, no means is furnished by the charter by which he can enforce the provisions of the statute, or compel the city to pay for the property ; but the owner is left to his action of trespass or other common law remedy for redress. (Soulard vs. City of St. Louis, 36 Mo. 546, and cases cited.) The petition in the case under consideration is substantially the same as the one in the case just cited, which was held to be good, and to sufficiently set out the cause of action

It is also contended by the appellant that it in its answer, set up a good and sufficient defense to the plaintiff's petition; that no replication was filed to the answer; that it was therefore admitted and judgment should have been rendered in favor of the defendant. The answer attempts to set up a condemnation of the property sued for by the city authorities under the charter. The charter provides: "§ 1. Where it shall be necessary to take private property for opening, widening or altering any public street, lane, avenue or alley, the corporation shall make a just compensation therefor to the person whose property is so taken; and if the amount of such compensation cannot be agreed upon, the mayor shall cause the same to be assessed by a jury of six disinterested persons freeholders of the city.

§ 3. All persons impanneled to inquire into the amount of benefits or damages which shall happen to the owner of the property, proposed to be taken for opening, widening or altering any street, lane, avenue or alley, shall first be sworn to that effect, and shall return to the mayor, their inquest in writing signed by each juror." (Sess. Acts 1855, p. 309.)

There is no provision in the charter requiring any notice to be given to the owners of property about to be taken for public use, that an inquest is to be taken to ascertain the damages to be sustained, so that the proceedings under this law may be wholly *ex parte.* It is therefore incumbent on the city when it claims to have acquired title to property, or to have divested the owner of the title to his land, to show that it has followed the statute in the most literal and strict manner. In the case under consideration, the answer of the defendant attempts to set up a compliance with the statute; but it is not pretended in the answer that any effort had ever been made to agree with the plaintiff as to the compensation to be paid him for his land, or that the plaintiff ever had any opportunity to agree or make any arrangement in reference thereto; but for aught that appears, the plaintiff knew nothing of the matter. It is not even shown that the plaintiff had any knowledge that the city wanted his land for street purposes,

but it is simply stated that the mayor of the city impanneled six freeholders of the city, as a jury, to assess the damages to each and every property holder on the street whose property was appropriated, &c., and—from the showing of the answer—the jury failed to assess the damages to each property holder as directed, but simply made a report, stating that no private property holder on said "Walnut street," sustained any damage by reason of widening said street except John Woods. For aught that appears, the plaintiff's property might never have been considered at all  This proceeding as stated in the answer, is wholly insufficient to divest plaintiff of the title to his property, and is therefore no defense to plaintiff's action. (Anderson vs. City of St. Louis, 47 Mo., 479 ; Leslie vs. City of St. Louis, *Id.*, 474.)

It follows that it was unnecessary for the plaintiff to file any reply to said answer as it set up no valid defense, and the court therefore committed no error in excluding the evidence to support the answer, and in refusing the instruction asked.

The only remaining question to be noticed is as to the instructions given to the jury in reference to the measure of damages to be assessed in the case.  The jury were told that in the assessment of the damages to plaintiff for the appropriation of his land by the defendant, they should consider not only the location of the land, the trees, shrubbery, and other things thereon ; but also the damage and inconvenience to plaintiff by bringing the street near his door, and all other facts connected with the taking of property. This instruction was calculated to mislead the jury, and ought not to have been given.  The defendant in this case had appropriated plaintiff's land to a public use by adding a part of it to a public street. The city is authorized to appropriate the land to said purpose by following the requirements of the law.  This it had not done, and could not acquire any title to the land thereby or to the use of it without the consent of the plaintiff.  The plaintiff by the bringing of this suit for damages for the lands taken, impliedly at least, consented to the public use of his land for the purposes of widening the street, which carried

with it his consent to the inconvenience which the widening of the street would be to his other property. The measure of the damages in such case is the fair and reasonable value of the land taken. This was held to be the measure of damages in a case exactly similar in principle to the one under consideration, after a very full consideration of the subject. (See Soulard vs. City of St. Louis, 36 Mo., 546, above referred to, and authorities there cited.) By the instruction given, the jury were led to believe that other damages beside the reasonable value of the land taken were proper to be taken into their consideration in finding their verdict. For this error of the court in so instructing the jury, the judgment must be reversed.

Judges Adams and Napton were absent. The other Judges concurring, the judgment is reversed, and the cause remanded.