————o————

THE QUINCY, MISSOURI & PACIFIC R. R. Co., Appellant, *vs.* CHARLOTTE RIDGE, *et al.*, Respondents.

1. *Condemnation of land—Personal examination.*—In a proceeding for condemnation of right of way for a railroad, upon exceptions to the commissioners' report, it not appearing from the record, whether the fact of a personal examination of the land by the commissioners was in issue, the Supreme Court cannot say there was error in the rejection of proofs that the commissioners went upon the ground and viewed it.

2. *Condemnation of land—Evidence—Presumption.*—There is no error in the exclusion of testimony for the purpose of sustaining the commissioners' report, to the effect that they were instructed in their duties by the adverse attorneys. The matters of inquiry for the court are ; what did the commissioners do in fact, and upon what principles did they arrive at the. conclusions reported ? Nothing appearing in the record to show how this inquiry was conducted, the action of the court below, in setting aside the report, will be presumed correct.

3. *Condemnation of land—Reference—Jury.*—Under the act approved March 8, 1873, when the report of commissioners is set aside, the court is authorized to refer the matter to a jury.

| 57 | 599 |
|----|-----|
| 96 | 622 |
| 31a | 417 |
| 57 | 599 |
| 34a | 589 |
| 34a | 590 |
| 57 | 599 |
| 102 | 561 |
| 57 | 599 |
| 110 | 488 |
| 50a | 485 |
| 57 | 599 |
| 120 | 122 |
| 57 | 599 |
| 142 | 680 |
| 57 | 599 |
| 145 | 47 |
| 57 | 599 |
| 160 | 432 |

4. *Condemnation of land—Damages.*—In estimating the damages in condemnation for right of way, the jury are to consider the quantity and value of the land taken and the damage done to the whole tract; and from these amounts to deduct the benefits, if any, peculiarly accruing to that tract of land, and not shared by it in common with other lands in the neighborhood.

5. *Condemnation of land—Damages.*—In condemnation for right of way, the actual value of the land taken is not the measure of damages.

*Appeal from Adair Circuit Court.*

*DeFrance & Halliburton,* for Appellant.

*H. F. Millan,* for Respondent.

LEWIS, Judge, delivered the opinion of the court.

This was a proceeding under the general statutes to condemn a strip of ground through defendant's land for the track of the plaintiff's railway. Commissioners were appointed and made their report, assessing the damages at $50. Defendants filed their exceptions, which were sustained by the court, and the award being set aside, a jury was impaneled to make a new appraisement. This resulted in an assessment of $325, and judgment accordingly; from which, after unsuccessful motions for new trial and in arrest, the plaintiff appealed.

It is claimed for error, that the court, in considering defendants' exceptions to the report, improperly rejected plaintiff's offer " to prove by the commissioners that they were properly instructed; that they went upon the ground in person and viewed it, and that attorneys for the defendants were along and instructed them as to their duty in the premises." We are not advised how this testimony, if admitted, could have influenced the action of the court. The evidence introduced is not preserved for our inspection, so that we have no means of knowing whether the fact of personal examination of the land by the commissioners was in issue. It was, in any event, immaterial how the commissioners were advised to act, by attorneys or others. The point of inquiry was, how did they act, and upon what principles did they, in fact, arrive at the conclusions reported by them? Nothing

being here to show us in what manner that inquiry was conducted by the court, all the presumptions are in favor of its adjudication.

It is objected that the court had no authority, upon setting aside the report, to refer the matter to a jury. The act approved March 8th, 1873, (Sess. Acts, p. 24,) which was then in force, and made applicable to cases pending, expressly authorized that method of procedure.

At the instance of defendants the court instructed the jury thus: " In estimating the damages to the land in controversy, the jury will consider the quantity and value of the land taken by the railroad company for a right of way and the damages to the whole tract by reason of the road running through it; and deduct from these amounts the benefits, if any, peculiar to the said tract of land, arising from the running of the road through the same. And by peculiar benefit to that land, is meant, such benefits as that land derives from the location of the road through it, as are not common to the other lands in the same neighborhood."

This instruction was in substantial conformity with the principles declared in former decisions by this court, and was properly given. (Pac. R. R. Co. vs. Chrystal, 25 Mo., 544; Lee vs. Tebo & Neosho R. R. 53 Mo., 178.)

The court properly refused to instruct the jury, as asked by the plaintiff, that the measure of damages was the actual value of the real estate taken. The authorities cited to show that this was an erroneous ruling, have no application to proceedings in condemnation for right of way. Soulard vs. The City of St. Louis, 36 Mo., 546, and Jamison vs. The City of Springfield, 53 Mo., 224, were suits by the land owners against the corporations, respectively. In each it was held, that by the nature of the action and statements in the petition the plaintiff waived compensation for damage done by the location of the street to the property not taken. Hence, there could be no recovery, except for the value of the land occupied.

We find nothing in the record to justify an interference with the disposition of this cause by the Circuit Court. The amount of the damages, as assessed by the jury, was considerably below the estimates of nearly all the witnesses. With the concurrence of all the judges, the judgment will be affirmed.

OCTOBER TERM, 1874, AT ST. LOUIS IS CONTINUED IN VOL. LVIII.