---o---

J. C. FRENCH, Plaintiff in Error, *vs.* W. H. WOODWARD, *et al.,* Defendants in Error.

1. *Construction of statute—Re-enactment by reference—Constitution.*—An act declaring that a previous act "is hereby amended so as to authorize the city marshal to act as deputy constable, etc." is in conflict with Art. IV, subd. 25, of the State Constitution, as re-enacting a law by mere reference. (See Mayor, etc., vs. Trigg, 46 Mo., 288.)

*Error to Audrain Circuit Court.*

*Ira Hall,* for Plaintiff in Error.

*McIntyre & Keenan,* for Defendants in Error.

SHERWOOD, Judge, delivered the opinion of the court.

The plaintiff, French, brought his action in the Audrain Circuit Court, against the defendants, Woodward and Barada, charging them with taking and converting to their own use certain personal property of his. They, in addition to other matter set up in their answer, justified under an execution placed in the hands of Barada, one of the defendants, as deputy constable. It was developed in the pleadings, and also in the evidence adduced at the trial, that Barada, at the time of the levy of the writ, was city marshal of the city of Mexico, and held an appointment also, as the deputy of Roseberry, the constable of Salt River township, in which the levy on and seizure of plaintiff's property under the writ referred to, took place; and the point was distinctly made by the plaintiff in his reply to the defendant's answer, and in objections to the introduction of testimony showing the appointment of Baraba as a deputy under Roseberry, and in an instruction to that effect, which was refused, that the appointment of Barada, under the circumstances, was in violation of the charter of the city of Mexico, and therefore illegal.

The act incorporating that city was approved February 17, 1857, § 3 of Art. VII, of that act among other things providing that the marshal of that city should "hold no other State, county, or city office, nor act as deputy of such other officers during the term for which he shall hold the office of marshal." The act just referred to was amended by an act approved March 18, 1871. Section 2 of that act is somewhat amendatory of § 3, Art. VII, of the act first mentioned, but not, in any particular, worthy of present notice.

Afterwards, the legislature by an act, approved March 27, 1872, entitled, "An act to amend an act entitled 'an act to incorporate the city of Mexico' approved February 17th, 1857, and an act amendatory thereof, approved March 25th, 1871," effected many changes in the law in relation to that city. But the only section of that act having any bearing on the point in hand, is section four in these words: "That § 3 of Art. VII, of the last named act (i. e. that of March 1871,)

be, and the same is hereby amended so as to authorize the city marshal to act as deputy constable in Salt River township, Andrain County, Missouri, in addition to his present duties."

It will need but a very cursory examination in order to determine that this section is clearly obnoxious to the charge of unconstitutionality in this particular. It does not set forth, nor publish at length as if it were an original act or provision, " the act or part of act amended," as required by the twenty-fifth sub-division of Art. IV, of our constitution, but simply refers to a section and says "the same is hereby amended so as to authorize," etc., etc. To hold such an attempted amendment as this sufficient, would be to act in flagrant violation of a very admirable constitutional provision, one which, if heeded, would greatly tend, by the prevention of ambiguities and uncertainties in legislative enactments, to discourage litigous strife, and one which, if obeyed, in the instance under discussion, might have entirely prevented or at least have given a much narrower basis for the present litigation. The provision of the constitution, to which reference has been made, has heretofore received the consideration of this court in the case of The Mayor, etc. of the City of Booneville vs. Trigg, (46 Mo., 288,) and in that case the amendment of so much of section one of the act of February 8th, 1839, as related to the bounds and limits of the city of Booneville, by the act of March 23, 1868, was held valid for the reason, that the portion of the section amended, and in so far as it referred to the enlarged boundaries of the city, was " set forth and published at length," in strict conformity to the constitutional mandate.

But in the case at bar, it will be observed by an examination of the different acts before referred to, in relation to the city of Mexico, that not only was the constitution disobeyed in the act of March 27, 1872, in the particular already pointed out, but in addition to that, section four of that act makes reference to, and professes to be amendatory of section third of Art. VII, of the act of March, 1871, when as a matter of

fact while there is a section answering to that description in the act of February 17th, 1857, there is no such section in the act sought to be amended. The section intended to be changed was, no doubt, section two of the act of March, 1871, and singularly enough, even the date of that is misrecited in the caption of the act of March, 1872, above referred to, it being mentioned as approved March 25th, 1871, when the true date of its approval is March 18th, of that year. Such inaccuracies as these might not have been sufficient to have overthrown the attempted amendment, but they certainly would have caused grave doubts as to its validity; and this shows, in a very conspicuous manner, the wisdom displayed in the organic law of those States, where such inaccuracies are for the most part prevented by a provision requiring the entire act revised or section amended to be re-enacted and published at length. The constitutions of the States of Louisiana and Indiana are alike in this regard and in that matter superior to our own.

As the act of March 27th, 1872, on which the defendants relied, must be held in consequence of its non-compliance with the constitution as invalid, and therefore, affording no protection to the defendants who acted under a belief of its validity, it would be no avail to them if every other point raised in the case were ruled in their favor.

Judgment reversed and cause remanded; all the judges concur.