CITY OF SPRINGFIELD, *Appellant*, v. SCHMOOK.

1. **Streets**—OPENING OF: DAMAGES: MODE OF COMPUTATION. In estimating the damages sustained by the condemnation of property by a city for the purposes of a street, where the whole lot has not been taken, the value of the land taken should be found, and then the increase or diminution in value of the remaining portion; or, the damages may be computed by ascertaining the difference between the value of the entire lot, with improvements, before, and the value of the premises remaining after, the condemnation.

2. ——: ——: EVIDENCE. What other persons have been allowed for their property in the opening or widening of a street, is not competent evidence of the amount of damage sustained by the defendant.

3. ——; ——: EVIDENCE. Where a short time prior to the institution of the proceedings for the widening of a street, the defendant agreed with the city to take a certain sum for a strip of land required for that purpose, and the agreement was not made by way of compromise, nor for the purpose of avoiding litigation, *Held*, that this agreement could properly be considered by the jury as evidence of the value which defendant, at that time, placed upon the strip, and an instruction of that purport asked by the city should have been given.

4. ——: DAMAGES—CONSEQUENTIAL. Consequential damages, in a proceeding to condemn land for the purpose of opening a street, should not be regarded.

5. **Jameson v. City of Springfield**, 53 Mo. 224, distinguished.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

The instructions asked by plaintiff and refused, and referred to in the opinion, are as follows:

1. In considering the damages (if any) accruing to the defendant from the opening of said street, the jury will not take into consideration any consequential damage, but must consider only the direct and immediate damage to said lot.

2. If the jury believe from the evidence that defendant, Schmook, agreed to take $100 from the city for the strip of land taken in the opening of Phelps street, and

said agreement, or offer was not made by way of compro-
mise, or for the purpose of avoiding litigation, they will
consider such fact as evidence of the value that defendant,
Schmook, at that time, placed upon said strip of land.

3. That in considering the amount of damage (if
any) defendant has sustained in the opening of said street,
the jury are not to take into consideration any special use
or purpose to which said property is or has been appro-
priated; nor will they take into cosideration any supposed
injury to defendant's trade or occupation; nor any altera-
tion that the opening of said street may have made in his
supposed convenience, but will consider solely the actual
value of the lot for all purposes, both before and after the
opening of said street, deducting what special advantages
(if any) accrue to said lot by the opening of said street.

*Bray & Cravens* for appellant.

*F. S. Heffernan* for respondent.

Hough, J.—This was a proceeding, on the part of
plaintiff to condemn a portion of the defendant's property
for the purpose of a street.

The proceedings are admitted to have been regular,
and the only questions before us relate to the measure of
1. STREETS—open-  damages. In order to determine the dama-
ing of: damages:  ges sustained, where the whole property has
mode of compu-
tation.             not been taken, the effort should be to find
the value of the land taken, and then to determine how
much the land left was increased or diminished by reason
of the appropriation. *Mississippi River Bridge Co. v. Ring*,
58 Mo. 491, or the process may be varied by ascertaining
the difference between the value of the defendant's lot to-
gether with all improvements upon it, before the strip was
taken and the street opened, and the value of the premises
without the strip taken, after the opening of the street.
Either of these modes of computation will give the person
whose property is taken, the value of his land taken, and

any direct and special damages which may result to him by reason of the taking of the same, diminished by the amount of any special benefit which may accrue to him by reason of the improvement. Speculative, remote and consequential injuries and benefits are not to be allowed. Only those injuries and benefits are to be considered which are peculiar to the person whose property is taken, and are such as pertain to the ownership, use and enjoyment of the particular parcel of land, a portion of which is taken. Cooley's Con. Lim., (3 Ed.) 566.

We do not think it was competent for the defendant to show what other persons had been allowed for their 2. ——: ——: property, in order to establish the amount of evidence. his injury by comparison. The assessment of damages in the other cases may have proceeded upon incorrect principles, or the amount paid may have been the result of contract and in excess of the true value. Such a mode of inquiry was improper, because it furnished no accurate standard for estimating the defendant's damages, and was likely to lead to the introduction of many collateral issues. *Mayor of Lexington v. Long*, 31 Mo. 369.

The chief error committed by the court below was in refusing the second instruction asked by the plaintiff. It 3. ——: ——: was in evidence that the council appointed evidence. a committee to confer with the property owners affected by opening the street, and that defendant told one of the committee the city could have the strip taken in the present proceeding for $100. This statement, if not made by way of compromise, or for the purpose of avoiding litigation, could properly be considered by the jury as evidence of the value which the defendant, at that time, placed upon the land taken, and the jury should have been so instructed. Though the precise date of this statement is not given, the circumstances attending it show that it must have been made a short time prior to the institution of the present proceeding.

The first instruction, which told the jury to disregard

all consequential damages, might very properly have been 4. ——: damages given, as the defendant stated that his con--consequential. sequential damages would amount to more than $100.

The third instruction was properly refused. It does not conform to the rule laid down in *Mississippi River Bridge Co. v. Ring*, 58 Mo. 496, and an-

5. JAMESON v. CITY OF SPRINGFIELD, 58 Mo. 224, distinguished. nounced by us in this opinion. The purport of the decision in *Jamison v. City of Springfield*, 53 Mo. 224, cited in support of the third instruction, has been misconceived by counsel. That was an action of trespass, and the court said that by adopting that form of action the plaintiff consented to the public use of his land for the purpose of widening the street, which carried with it his consent to the inconvenience which the widening of the street would be to his other property, and that the measure of damages in such cases is the fair and reasonable value of the land taken. That rule is inapplicable to the present case.

For the errors indicated, the judgment of the circuit court will be reversed and the cause remanded. All concur.

REVERSED.