THE WYANDOTTE, KANSAS CITY & NORTHWESTERN RAILWAY COMPANY, *Appellant,* v. WALDO.

1. **Eminent Domain:** RAILROAD: DAMAGES: BENEFITS. In estimating the damages growing out of the condemnation of a right of way for a railroad, the jury should consider the quantity and value of the land taken, and the damage to the tract of which it forms part by reason of the road running through it, and from the sum of these should deduct the benefits, if any, peculiar to that tract, arising from the running of the road through it; and by peculiar benefits is meant such benefits derived from the location of the road

as are not common to it and the other land in the same neighbor-hood. (*Quincy, Mo. & Pac. R. R. Co. v. Ridge*, 57 Mo. 601.)

2.   **Instructions.** It is not error to refuse an instruction, the sub-stance of which is embraced in one already given, or which as-sumes as a fact a matter as to which the evidence is conflicting.

3.   **Eminent Domain** : RAILROAD : DAMAGES TO ENTIRE TRACT. Where a tract of land consists of several parcels all connected and consti-tuting one body, the jury, in estimating the damages sustained by the owner by reason of the condemnation of a right of way for a railroad across the tract, should consider the injury to the whole and not simply the injury to the parcels touched by the road.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

AFFIRMED.

The defendant's land consisted of several parcels, all of which were connected together so as to form one tract, but some of which were not touched by the plaintiff's road.

*Scammon & Reiger* for appellant.

*Gates & Wallace and Comingo & Slover* for respondent.

HENRY, J.—This was a proceeding to condemn certain land of defendant for railroad purposes. Commissioners were appointed in pursuance of the statute to assess the damages to defendant, and on objections made by him, the report was set aside and a jury summoned, which assessed his damages at $1,000, and from the judgment of the circuit court on said verdict, plaintiff has appealed. Defendant's tract consisted of about 400 acres, and the right of way which plaintiff sought to obtain, ran diagonally through it. The evidence as to the damage plaintiff would sustain by running the road through his land, was conflicting, but no objections were made or exceptions saved with respect to the evidence. We will not undertake to say whether the damages allowed were excessive or not. The only

alleged errors, therefore, to be considered are the giving and refusing instructions.

For the defendant the court gave the following instructions: "In estimating the damages to the land in controversy, the jury will consider the quantity and value of the land taken by the railroad company for a right of way, and the damages to the whole tract by reason of the road running through it, and deduct from these amounts the benefits, if any, peculiar to the said tract of land, arising from the running of the road through the same. And by peculiar benefits to that land is meant such benefits as that land derives from the location of the road through it as are not common to the other land in the same neighborhood."

For the plaintiff the court gave the following instructions: 1. "The jury are instructed that, from all the facts and circumstances of this case, it is for you to determine what, if any, damages the said Waldo sustained by reason of the appropriation of a part of his said lands for a railroad and such damages are to be his actual damages to said lands through which the road is located, estimated at the time of taking the same; and such inconveniences, if any, as are common to other persons and lands in the same neighborhood are not to be taken into such estimate; and if, from the evidence, you believe that a part of Waldo's lands, over which the road is located, are wet, low or swampy lands, and that by reason of the location of the railroad over the same, the same or a part were drained or thereby made more valuable, then such advantages should be taken into consideration and in diminution of the damages to be awarded."

3. "The court instructs the jury that in estimating the amount of damages, if any, to be awarded by them to the defendant, Waldo, they will not consider such inconveniences to him as are the consequence of the lawful and proper use of the plaintiff's railway and are common to the other land owners in the neighborhood, portions of

whose lands are not taken, such as the blowing of whistles, the noise of trains and the liability of either to frighten farm animals and the like."

The following asked by plaintiff was refused : 2. "The court instructs the jury that, in estimating the damages accruing to the defendant, Waldo, they will consider and deduct the peculiar direct benefits derived by the defendant from the running of plaintiff's road over his land; and that they will bring in no verdict for the defendant unless they find that the resulting damages exceed these benefits."

The first instruction for the defendant is an exact copy of one passed upon and approved by this court in *Quincy,*

1. EMINENT DO-
MAIN: railroad:
damages: bene-
fits.

*Mo. & Pac. R. R. Co. v. Ridge,* 57 Mo. 601. The court there observed: "This instruction was in substantial conformity with the principles declared in former decisions by this court, and was properly given," citing *Pacific R. R. Co. v. Chrystal,* 25 Mo. 544, and *Lee v. Tebo & Neosho R. R. Co.,* 53 Mo. 178.

The substance of the second instruction asked by plaintiff and refused, was embraced in the first given for

2. INSTRUCTIONS.

defendant, in which the jury were told that they would allow defendant for damages to the whole tract, &c., "and deduct from these amounts the benefits, if any, peculiar to the said tract of land arising from the running of the road through the same." The refused instruction was also objectionable in assuming that defendant's land derived peculiar benefits from the running of plaintiff's road over it. The evidence on that point was conflicting, and the fact could not, therefore, be assumed by the court in an instruction to the jury.

The position of appellant, with regard to the first instruction, that it was erroneous in that it authorized the

3. EMINENT DO-
MAIN: railroad:
damages to entire
tract.

jury to assess damages to lands that were not touched by the road, is untenable. It would confine the jury, in the assessment of damages, to the specific strip condemned for a right of way. If the other lands through which it did not pass were en-

tirely disconnected from the tract through which it passed, the argument would be sound. But here were 400 acres all connected and constituting one tract, through which the road runs diagonally, and the jury were properly instructed on the subject. Judgment affirmed. All concur.*

*The instruction given for the defendant in this case was again approved by the court in the case of *the same plaintiff v. Rummel*, decided at the same time with this, HENRY, J., delivering the opinion.