# THE SPRINGFIELD & SOUTHERN RAILWAY COMPANY, *Appellant*, v. CALKINS, *Administratrix*.

1. **Arbitration and Award**: CONFIRMATION OF AWARD: NOTICE. A statutory award is not subject to confirmation by the court unless a copy thereof, together with notice in writing of the motion to confirm, has been served on the adverse party at least fifteen days before filing the award and motion in the proper court. R. S., sec. 334.

2. ———: ———: ———: PRACTICE. Where this course is not pursued the arbitration, if relied on at the trial, must be set up by amended or supplemental pleading, and where this is not done evidence of an arbitration and award is not admissible.

3. **Evidence**: OPINION OF WITNESS AS TO VALUE AND DAMAGES. Upon the question of the value of property, real or personal, and the amount of damage done to it, parties shown to be acquainted with the value or damage, may, in connection with the facts, state their opinions as to the same.

4. **Condemnation Proceedings**: PRACTICE: DAMAGES. In proceedings to condemn land, the inquiry as to the damage is not confined to the tract of land described in the petition, but the damage sustained and to be paid is that done to the entire tract by the taking of a portion of it.

5. ———: ———: PLEADING. There is nothing in the statute or practice requiring an answer or other formal pleading by the defendant in a condemnation proceeding.

*Appeal from Dade Circuit Court.*—HON. CHARLES G. BURTON, Judge.

AFFIRMED.

*John O' Day* for appellant.

(1) The court erred in refusing to admit evidence of the agreement to arbitrate and the award made thereunder. *Beattie v. David,* 50 N. J. L. 102 ; *Spencer v. Curtis,* 57 Ind. 221 ; *Excelsior Co. v. Potts,* 36 N. J. L. 303 ; *Newcomb v. Wood,* 97 U. S. 581. (2) The court erred in refusing to render judgment in accordance with the award made by the arbitrators. *Buckman v. Davis,* 28 Pa. St. 211 ; *Gibbs v. Berry,* 13 Ired. [N. C.] 388 ; *Lamar v. Nicholson,* 7 Port. [Ala.] 153, and cases cited under first point. (3) The court erred in allowing defendant to introduce in evidence the opinions of witnesses produced on trial. In such cases, as in all others, the facts within the knowledge of the witness, and not his opinion, is what the law seeks. *Railroad v. Burkett,* 42 Ala. 83 ; *Railroad v. Ball,* 5 Ohio St. 569 ; *Railroad v. Johnson,* 59 Ind. 247 ; *Brown v. Railroad,* 12 R. I. 238 ; *Railroad v. McLaren,* 47 Ga. 546. (4) The court erred in refusing instruction number one asked by plaintiff. There are certain uses to which the right of way could be put which are not inconsistent with its occupancy as a railroad, and it was proper that the jury should consider the value thereof, be it large or small. *Evans v. Hoefner,* 29 Mo. 150 ; *Blake v. Rich,* 34 N. H. 282. (5) The plaintiff only took an easement. Whether the jury would have considered such a title of less value than a fee, no one can say, and it was error to refuse instruction number two asked by plaintiff. *Railroad v. Burkett,* 42 Ala. [N. S.] 83. (6) If the fourteen acres, not described in the petition, were in fact damaged, the

judgment in this case will not bar a future recovery therefor, as the land was not described in the petition. The court, therefore, erred in admitting evidence as to the alleged injury done to this tract and in refusing instruction number three asked by plaintiff. *Mix v. Railroad,* 67 Ill. 322 ; *Railroad v. Sawyer,* 71 Ill. 361 ; *Jones v. Railroad,* 58 Ill. 382 ; *Railroad v. Hopkins,* 90 Ill. 316. (7) The jury was not composed of freeholders, and the verdict is void.

*Benj. U. Massey* for respondent.

(1) The testimony of the agreement to arbitrate and the award thereunder was properly rejected by the court, because the same was not pleaded in bar of, or in defence against said suit. Secs. 3521 and 3535, R. S. ; Bliss on Code Pleading, sec. 352 ; *Brown v. Lazarle,* 44 Mo. 388 ; *Northup v. Insurance Co.,* 47 Mo. 443. (2) "No award shall be confirmed unless a copy thereof, together with a notice, in writing, of such motion, shall have been served on the adverse party at least fifteen days before the filing of the award and motion in the proper court." Sec. 334, R. S. (3) It is not improper for witnesses to give their opinions as to damages, when in connection therewith they state facts upon which such opinions are based. *Sherman v. Railroad,* 10 Am. & Eng. Corp. Cases, 193 ; *Railroad v. Arnold,* 10 Am. & Eng. Corp. Cases, 219 ; *Railroad v. Paul,* 10 Am. & Eng. Corp. Cases, 493. Besides appellant cannot complain of a rule which he, himself, first followed. (4) The title to the entire surface of the right of way is vested in the railroad company by judgment of condemnation, and the company, and none other, is entitled to the use of this surface. *Evans v. Hoefner,* 29 Mo. 150 ; *Railroad v. Paul,* 10 Am. & Eng. Corp. Cases, 496. (5) Defendant is entitled to damage done his entire farm. It is a compact tract of contiguous parcels. *Railroad v. Ridge,* 57 Mo. 601 ;

*Railroad v. Waldo*, 70 Mo. 631. (6) In condemnation proceedings under our statute, where appraisement is made by a jury, it is not required that the jury shall be free-holders. R. S., sec. 896. Even if it is so required, it is presumable the court followed the requirements of the statute. This is not a jurisdictional fact, and it is not necessary that it should affirmatively appear. *Sutherland v. Holmes*, 78 Mo. 402.

Ray, J.— This is a proceeding begun by plaintiff to condemn certain described lands of defendant, for a right of way, for the railroad of plaintiff. The petition is in the usual form for such actions. The strip of one hundred feet, taken for said right of way, amounted to three and thirteen-hundredths acres, and the land cut off from the main body of the farm, which consisted of ninety-four acres, contained seven acres. After the filing of the petition with the circuit clerk of Greene county, in July, 1882, the court ordered the hearing thereof for July 15, 1882, and that ten days notice be given defendant, which was done, and on July 15, three commissioners were appointed, who, after taking the statutory oath, and viewing the premises, filed their report on July 24, awarding defendant damages in the sum of two hundred dollars. Thereafter, and on August 3, defendant filed exceptions to said report of the commissioners and demanded a jury to assess damages, and the award was, upon this ground, set aside by the court in January, 1883. At a subsequent term the venue was changed to the circuit court of Dade county, where the cause came on for trial at the April term, 1884, and resulted in a verdict for defendant for damages in the sum of four hundred and fifty dollars, upon which judgment was rendered, and from which this appeal is prosecuted.

Before the introduction of any evidence the plaintiff offered to prove that, after the change of venue was

taken, and subsequent to the last term of the Dade circuit court, the plaintiff and defendant, by instrument of writing duly executed, submitted to the decision of two arbitrators, the subject matter of controversy between them in these proceedings, and agreed that a judgment of the court should be rendered upon the award so made ; that two arbitrators were duly selected, and appointed a time and place for hearing, and notified the parties thereof, and did take and subscribe the statutory oath to faithfully hear and examine the matters in controversy and make a just award ; that they did meet and hear the allegations of the parties, pertinent and material to the cause, and did award the defendant the sum of four hundred and five dollars, which award was made in writing subscribed by the arbitrators with their oath therewith filed and attested by a subscribing witness. Plaintiff asked to be allowed to prove these facts, to have the award confirmed, and that judgment be rendered accordingly. The court refused to admit the evidence or to render judgment according to the award, and plaintiff at the time excepted. If the award, here mentioned, is such as is contemplated by the statute, chapter four, entitled of arbitrators, it was not subject to confirmation by the court, unless a copy thereof, together with a notice in writing of the motion to confirm, had been served on defendant at least fifteen days before filing the award and motion in the proper court. R. S., sec. 334. If this course was not adopted, the arbitration, if relied on at the trial, should have been set up in the pleadings, by amended or supplemental pleading, or plea "*puis darrein* continuance." When offered in evidence by plaintiff, it was objected to by defendant, upon the ground that it was not plead, and, therefore, was immaterial, and was excluded by the court for this reason. Under the issues, as made by the pleadings, the inquiry was, as to the damages, if any, sustained by the defendant, by reason of the taking of the land by plaintiff for

its said right of way for the railroad. The arbitration was, therefore, new matter in bar, and as such, should have been set up by appropriate pleading, and as this was not done, the evidence in that behalf was, we think, properly excluded.

A further exception to the ruling of the trial court, urged for the reversal, is, that witnesses were permitted to express their opinion as to the amount of damages caused by the appropriation of the land for the railroad, including the value of the portion taken, and the damage done to the rest of the tract. The witnesses so testifying were shown to be competent and acquainted with the premises, location and surroundings, and in the course of their evidence they state the facts as to how the railroad ran through the farm in question, how the same was divided and the shape in which the parcels were left, the character and quality of the land and whether improved or not. Upon the question of value of property, real or personal, and as to the amount of damages done to the property in controversy, parties shown by the evidence to be acquainted with the value or damage may, in connection with the facts, state their opinion as to the value or damages. *Shattuck v. Railroad*, 6 Allen, 115; *Vandine v. Burpee*, 13 Met. [Mass.] 288; *Simmons v. Railroad*, 18 Minn. 193; *Lehmicke v. Railroad*, 19 Minn. 481; *Swam v. Middlesex*, 101 Mass. 173; *Railroad v. McKinley*, 64 Ill. 338. In the case cited in 6 Allen, it is said: "This is permitted as an exception to the general rule, and not strictly on the ground that such persons are experts; for such an application of the term would greatly extend its signification. The persons who testify are not supposed to have science or skill superior to that of the jurors; they have merely a knowledge of the particular facts in the case, which the jurors have not. And as value rests merely in opinion, this exception to the general rule, that witnesses must be confined to facts, and

cannot give opinions, is founded in necessity and obvious propriety."

The further objection is urged that the only lands of defendant, described in the petition, was the eighty-acre tract, being the south half of the southeast quarter of section twenty-nine, township twenty-nine, range twenty-one, and that damages to the remaining fourteen acres in defendant's farm off the east end of the southeast quarter of the southwest quarter of the same section could not be assessed in this action.    In Illinois, the rule, it seems, is that the inquiry as to damages in proceedings of this sort should be confined to the tract of land described in the petition, in the absence of a cross bill by defendant showing his ownership of contiguous lands which will also be damaged.    See 67 Ill. 322 and 68 Ill. 382.    We are not advised as to what, if any, may be the peculiar requirements of the Illinois statutes in proceedings of this character, but the cases cited by plaintiff, in support of this view, are all from that state.    The current of authority is, we think, otherwise.    *Wilmes v. Railroad*, 10 Am. and Eng. Ry. Cases, 161 ; *Railroad v. Denman*, 10 Minn. 267 ; *Bigelow v. Railroad*, 27 Wis. 478 ; *Welch v. Railroad*, 27 Wis. 108 ; *Railroad v. Blackshire*, 10 Kan. 477.

In the case of *Wilmes v. Railroad*, cited *supra*, the owner's farm consisted of three forties in line from east to west and connected, his residence being on the easterly forty.    The company located its line of railroad across the two westerly forties, and instituted condemnation proceedings under the statute.    The two westerly forties were the only lands described in the petition. Upon the trial, evidence of the ownership and damage to the east forty, not touched by the railroad or described in the petition, was received, and the propriety of receiving such evidence in that behalf was the important question in the case.    The court, in sustaining the admission thereof, over a similar objection to the one made in the case at bar,

·say, among other things, that "the damages arise, and the compensation is to be made, not only for the specific thing taken into actual possession, but for the taking of it in ·the way in which it is taken, and hence damages and compensation for taking a strip of land for the right of way, are the damages which result to the owner from the taking and the sum to which he is entitled to justly compensate him therefor." The conclusion, admitting the evidence as to the east forty, it is said, is not at all affected by the fact that it was not mentioned in the petition or subsequent papers, as the owner was, nevertheless, entitled to have his damages for the taking assessed and paid, and the whole damages sustained by the owner to his entire farm, was properly before the jury, for one complete assessment. This, it is further said, is the only ·construction of the statute which secures just compensation to the owner for the appropriation of his property, and the only one not subject to constitutional objection.

There is, we apprehend, nothing in our statute or practice requiring an answer or other formal pleading by defendant in cases of this sort. The proceeding is a statutory one, the corporation being authorized to apply to the circuit court of the county where the land, or part thereof, lies, or to the judge in vacation, by petition setting forth the general directions in which it is desired to construct the railroad and a description of the real estate or other property which the company seeks to acquire, and praying the assessment of such damages as the owner may sustain in consequence of the establishment, erection and maintenance of such railroad over such lands. Commissioners may be appointed to assess the damages the owner may sustain by reason of the appropriation, who are required to make return of such assessment and damages forthwith to the clerk, and their report may be reviewed by the court on written exceptions filed by either party. The court may, upon good

cause, order a new appraisement, to be made at the request of either party, by a jury, under the supervision of the court, as in ordinary cases of inquiry of damages. Strictly speaking, perhaps the only land within the words of the statute and expressly required to be described, is the strip of one hundred feet, for that is all that the corporation seeks to acquire, but manifestly the damages to be assessed are not to be limited to that alone, which is merely the land taken, and does not embrace all the damages which the owner sustains by reason of the condemnation. In the case at bar defendant's said farm consisted of the ninety-four acres and was, as the evidence shows, one entire compact tract of contiguous parcels. See 70 Mo. 631, and 57 Mo. 601. Manifestly, then, the damages which the jury were required to assess, were such as would compensate the owner, and the owner could not be compensated for the damages sustained by the construction of the railroad unless the jury considered the entire tract in their assessment of damages. The forty acre tract, which the railroad actually passed through, was no more part of the defendant's farm than the said fourteen acres lying to the east. The damage sustained, and to be paid, was that done to the entire farm. These were, indeed, not divisible or apportionable, recoverable partly in this action and partly in some other. One assessment would exhaust his remedy therefor, whether the entire damage was in fact considered by the jury or not. Manifestly, the payment and satisfaction of the judgment recovered in this case, where the entire damages to the whole farm have, in fact, been considered and assessed, would bar any subsequent action for the same or any part thereof. We, therefore, think, and so hold, that there was no error in the ruling of the trial court in this behalf.

This leads to an affirmance of the judgment, and it is so ordered. All concur. Sherwood and Brace, JJ., in the result.