## McReynolds v. The Kansas City, Clinton & Springfield Railway Company, *Appellant.*

### Division One, June 6, 1892.

1. **Railroads:** EMINENT DOMAIN: CONDEMNATION PROCEEDINGS: TRESPASS: MEASURE OF DAMAGES. The measure of damages for the taking of private land by a railroad company for a right of way is the value of the land taken, and the damage, if any, to the tract of which it forms a part, from which must be deducted the benefits, if any, peculiar to such tract arising from running the road through it. This is the correct rule whether the land be taken in condemnation proceedings or without license or other right.

2. ———: ———: ———: EVIDENCE. In an action for damages against a railroad company for appropriating land without right for a right of way, where witnesses gave it as their opinion that the only damage was to the subdivisions through which the road directly ran, the giving of their opinion as to the damage done to such subdivisions is not such error as demands a reversal of the judgment.

*Appeal from Henry Circuit Court.*—Hon. D. A. DeArmond, Judge.

AFFIRMED.

*Wallace Pratt, I. P. Dana* and *Fyke & Calvird* for appellant.

(1) The objection to the introduction of any evidence under the petition was well taken. (2) Proof of damage to the particular forties through which the road runs, without taking into consideration the whole connected body of plaintiff's land, was improper. *Railroad v. Waldo*, 70 Mo. 629; *Winkleman v. Railroad*, 14 Am. & Eng. R. R. Cases, 186. (3) Proof that plaintiff lost two acres which he used for turn-rows, and that his water course was obstructed, was improper, *first*, because two remote; *second*, because there is no allega-

tion in the petition to support it. (4) Defendant's demurrer to the evidence should have been sustained. The evidence of plaintiff showed that defendant entered with his consent, and constructed the road under his written agreement to waive all damages. (5) Plaintiff's instruction, numbered 3, is erroneous. It confines the attention of the jury to the forty-acre tracts, independent of the whole farm. *Railroad v. Waldo, supra*. (6) Defendant's instruction, numbered 2, should have been given. The proper measure of damages is the difference, if any, in the market value of plaintiff's farm immediately before and after the construction of the road. *Railroad v. Allen*, 41 Ark. 431; 1 Redfield on Railways [3 Ed.] p. 623; Mills on Eminent Domain, sec. 166; Pierce on Railroads, p. 211; *Down v. Railroad*, 32 Wis. 569; *Welch v. Railroad*, 19 Mo. App. 127; *Railroad v. Lee*, 13 Barb. 169; *Hyde Park v. Dunham*, 85 Ill. 569; *B. Co. v. Ring*, 58 Mo. 491; *Railroad v. Ammsman*, 11 Atl. Rep. (Penn. ) 561.

*C. C. Dickinson* and *James Parks & Son* **for** respondent.

(1) The objection to the introduction of evidence under the petition was properly overruled. Plaintiff's suit is for compensation for right of way over his premises, appropriated by defendant without condemnation and without compensation. It is a *quasi* condemnation proceeding instituted by the land-owner to ascertain his damage by reason of the appropriation of a right of way of his lands where the railroad has failed to pursue the statutory method. *Railroad v. Kamlah*, 28 Am. & Eng. R. R. Cases, 250; *Cohen v. Railroad*, 22 Am. & Eng. R. R. Cases, 116; *Railroad v. Bentos*, 10 Am. & Eng. R. R. Cases, 123; *Thornton v. Railroad*, 33 Am. & Eng. R. R. Cases, 229; *Griswold v.*

*Railroad,* 8 Mo. App. 582; *Allen v. Railroad,* 84 Mo. 646. (2) It is not necessary for plaintiff in this action to allege in his petition for what purposes his premises are used, nor how they are divided. It is sufficient for him to make such averments as charge an appropriation of a right of way over his land by defendant, without compensation therefor, and without such right of way being condemned. And such evidence as would be competent on behalf of the land-owner in a condemnation proceeding, instituted under the statute by a railroad corporation, for the purpose of ascertaining the damages to the land-owner, is equally competent in this suit in behalf of plaintiff. Evidence relating to manner in which the railroad affects the farm, access thereto and streams of water through the same, is legitimate and proper. *Dreher v. Railroad,* 10 Am. & Eng. R. R. Cases, 221; *Railroad v. Blake,* 23 Am. &. Eng. R. R. Cases, 97; *Railroad v. Calkins,* 90 Mo. 543. Witnesses shown by the evidence to be acquainted with the value or damage may, in connection with the facts, state their opinion as to the value or damages. *Railroad v. Calkins,* 90 Mo. 543, and cases cited. (3) Plaintiff's instruction, numbered 3, has received judicial sanction in *Railroad v. Ridge,* 57 Mo. 599, and *Railroad v. Waldo,* 70 Mo. 629. (4) Defendant's instruction, numbered 2, refused by the court does not correctly declare the law. The proper measure of damages is "what would the property, while unaffected by the obstruction, have sold for at the time the injury was committed, and what would the property have sold for at the same time, as affected by the injury;" the difference is the true measure of damages. *Railroad v. McCloskey,* 23 Am. & Eng. R. R. Cases, 86; *Railroad v. Getz,* 28 Am. & Eng. R. R. Cases, 244; *Setzler v. Railroad,* 24 Am. & Eng. R. R. Cases, 280. Defendant's instruction,

numbered 2, would permit general benefits to be deducted from the damages. Such is not the law. *Combs v. Smith*, 78 Mo. 32; *Railroad v. Ridge*, 57 Mo. 599; *Railroad v. Waldo*, 70 Mo. 629; *Railroad v. Chrystal*, 25 Mo. 544; *Lee v. Railroad*, 53 Mo. 178. Such an instruction would allow the general increase in value of property in the neighborhood consequent upon the projected construction of the road to be deducted from the damages. Neither is this the law. *Railroad v. McCloskey*, 23 Am. & Eng. R. R. Cases, 86; *Railroad v. Blake*, 24 Am. & Eng. R. R. Cases, 288; 10 Am. & Eng. R. R. Cases, 214.

BRACE, J.—This is an action for damages against the defendant for taking possession of, and appropriating to its own exclusive use, for the purpose of building and operating its railway thereon, a strip of ground belonging to plaintiff, one hundred feet wide, across his farm of eleven hundred and ninety acres, for a right of way, without license or any other right so to do, and without any compensation to him therefor, in which plaintiff tenders a deed therefor to the defendant to be delivered upon the payment of such damages.

On the trial the circuit court gave the following instruction for the plaintiff on the measure of damages: "3. The court instructs the jury that, in estimating the damages growing out of the appropriation by defendant of a right of way for its railroad over plaintiff's lands, the jury should consider the quantity and value of the land taken, and the damage, if any, to the tract of which it forms part, by reason of the road running through it, and from the sum of these should deduct the benefits, if any, peculiar to such tract, arising from the running of the road through it; and by peculiar benefits is meant such benefits derived from the location of the road as are peculiar to the tract

itself, and not shared in common by it and other lands in the same neighborhood."

And refused to give the following for the defendant: "The court instructs the jury that plaintiff, in this case, under the pleadings and evidence, can only recover the value of the land actually taken by defendant for its right of way, and cannot recover any damage for injury, if any, to plaintiff's farm outside of the land actually taken by defendant."

There was a verdict and judgment for the plaintiff for $750, from which the defendant appealed to the Kansas City court of appeals, where the ruling of the circuit court on the measure of damages was sustained.

But on the suggestion of counsel for appellant, in their motion for a rehearing, that such holding was in conflict with the rulings of this court in the following cases: *Mueller v. Railroad*, 31 Mo. 262; *Soulard v. St. Louis*, 36 Mo. 546: *Jamison v. Springfield*, 53 Mo. 224; *Railroad v. Ridge*, 57 Mo. 599; *City of Springfield v. Schmook*, 68 Mo. 394, the case was certified here. It is reported in 34 Mo. App. 581.

I. The measure of damages laid down in the plaintiff's instruction has long been approved in this state, as the proper one in cases where the land of a citizen is taken for railroad purposes in condemnation proceedings. *Railroad v. Chrystal*, 25 Mo. 544; *Lee v. Railroad*, 53 Mo. 178; *Railroad v. Ridge, supra; Railroad v. Calkins*, 90 Mo. 538; *Railroad v. Waldo*, 70 Mo. 629; *Railroad v. Story*, 96 Mo. 611. And has also been recognized as the proper rule in cases where the land of a citizen has been appropriated for such purposes without compensation, and without having the same legally condemned. *Combs v. Smith*, 78 Mo. 32; *Allen v. Railroad*, 84 Mo. 646; *Welsh v. Railroad*, 19 Mo. App. 127. No good reason, founded upon principle, can be assigned why the same rule should not be applied in

both classes of cases; the injury is the same, the damage is the same, and the compensation should be the same, and we are no longer, in this state, hampered by forms of action that could furnish an excuse for a measure of damages in the one class, different from that in the other.

The idea, that, in the class of cases to which the one in hand belongs, the measure of the plaintiff's recovery is limited to the actual value of the strip of land appropriated, rests alone upon *dicta* in some of the cases cited in support of the defendant's contention, the authority for which is supposed to be found in the opinion in *Mueller v. Railroad, supra,* the earliest case cited as being in conflict with the ruling of the court of appeals. NAPTON, J., in delivering the opinion of the court in that case, said: "The only point which occasioned any hesitation in entering an affirmance of this judgment at the last term, is the refusal of the land court, on the trial, to give an instruction asked by the defendant, to the effect that the plaintiff was not entitled, in this action, to recover the value of the land which the railroad company appropriated to their use, and upon which their road is constructed and in daily operation. The action is trespass, and as the damages given by the jury, under the rule for estimating them furnished by the court, seem from the testimony to have been *a full compensation for the injury to the plaintiff's lot,* occasioned by the construction of the road, it appeared but equitable, either that this judgment should be a final adjustment of the plaintiff's claim, or that a different rule of damages from the one given by the court should govern. But the case of *Jones v. Gooding,* 8 Mes. & Wels. 145, is an authority for the measure of damages declared in the instruction given. That was an action of trespass for cutting a ditch along the edge of plaintiff's close, and carrying away the soil, etc., and the

court *held the measure of damages to be the value of the land taken*, and not the expense of restoring it to its original condition." The judgment was affirmed.

The instruction given is not set out in the report of the case, and we have not been able to find the papers in the case among the records of this court. But according to the opinion it was an instruction under which the jury did give *full compensation for the injury to plaintiff's lot*, by reason of which fact, it met with the approval of the court; in the ruling upon the defendant's contention it was also affirmatively held that the plaintiff was entitled to recover the value of the land appropriated. So, while the points actually ruled in the case make it an authority for the right of the plaintiff in the case in hand to recover the value of his land appropriated by the defendant, it is not an authority in support of its contention that he is entitled to that and nothing more. On the contrary "full compensation for the injury to plaintiff's lot," a measure of damages like unto that laid down in plaintiff's instruction in the case in hand, seems to have commended itself as well then as since, to the judicial mind of this court.

The syllabus of the case, however, states the principle ruled to be that "the proper measure of damages *is not the actual damage sustained*, but the value of the land removed;" a perversion of the *dicta* in the opinion, that the court in *Jones v. Gooday* "held the measure of damages to be the value of the land taken, and not the expense of restoring it to its original condition;" which in turn does not convey the idea of the language used by the court in that case, in which Lord ABINGER, C. B., said the plaintiff "is entitled to be compensated for the damage he actually sustained." ALDERSON, B.: "I am of the same opinion. The plaintiff is entitled by way of compensation to what the

land was worth to him." ROLFE, B., concurred. Thus the case of *Jones v. Gooday* in which it was ruled that the plaintiff *was* entitled to recover the actual damage he sustained, and the ruling in *Mueller v. Railroad* to the same effect, have been made to serve as authority for the proposition that the owner *is not* entitled to recover the actual damage sustained, but only the actual value of a strip of his land taken for a right of way; and are so cited in the case of *Soulard v. St. Louis*, *supra*, and in *Jamison v. Springfield supra*. In the former, however, it was correctly held that the measure of damages was the value of the land taken, since in that case the value of that land was alone sued for; and the same measure was approved in the *Jamison case*, on the ground that it was "exactly similar in principle to the *Soulard case*." When these cases were afterward cited in *Railroad v. Ridge*, *supra*, as authority for the same rule of damages in a condemnation proceeding, this court refused to adopt it; not for the reason that the rule was or should be different in such a proceeding from the rule where land is taken without condemnation, but because, the court says, in each of those cases "it was held by the nature of the action and statements in the petition, the plaintiff waived compensation for damage done by the location of the street to the property not taken."

This court again refused the rule in *Springfield v. Schmook*, *supra*, for substantially the same reason. The only other case cited, supposed to sustain the doctrine of the syllabus in *Mueller v. Railroad*, is *Hickerson v. Mexico*, 58 Mo. 66, *loc. cit.*, in which the learned judge delivering the opinion of the court, in passing upon the question of whether parol evidence was admissible to show upon what issue a former trespass was decided, held that "the question of the value of the land was not necessarily involved in deciding upon the trespass;"

and took occasion to state that the measure of damages in such cases would be the entire value of the land, citing the *Mueller* and *Soulard cases.* But this was *"obiter"* to the case then in hand, and adds nothing to the weight of those decisions.

We thus find there is nothing, either on principle or in precedent, to stand in the way of this court maintaining the rule of damages in this class of cases to be the same as in cases arising under condemnation proceeding, sanctioned in *Combs v. Smith,* and subsequent cases cited, *supra,* and sustained by the Kansas City court of appeals in the case in hand.

II. The fact that two of the witnesses, after expressing the opinion that the only damage to the whole tract was to the three forties through which the road directly ran, were permitted to give their opinion as to the damages to those forties, does not, in our opinion, call for a reversal of the case.

The judgment of the Kansas City court of appeals is, therefore, affirmed. All concur.