O'SHEA et al. v. PAYNE, Appellant.

**Homestead Exemption:** PRE-EXISTING DEBT.   A homestead is not exempt from execution for a debt created before its acquisition, whether the debt was created in this State or elsewhere.   And the date of the filing of the deed will be held to be the time when the homestead was acquired.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

AFFIRMED.

*Frank Titus* for appellant.

(1)   The action of plaintiff was not maintainable on a foreign judgment in attachment.   Freeman on Judg., § 436.   (2) The cause of action, whatever it may have orig-

inally been, was merged in the judgment obtained in Kansas. That judgment thenceforward became the cause of action as against Payne, and in favor of O'Shea. Freeman on Judg., (3 Ed.) §§ 215, 216, 217. But such cause of action had no existence in this State until action was brought on it and service had. Action on the judgment was begun March 23rd, 1880, and judgment had April 7th, 1880. The homestead deed was filed March 1st, 1880, and no cause of action existed then which would debar defendant from the exemption provided by law, otherwise judgments obtained in other states would have extra-territorial force and be binding upon the lands of this State before action brought thereon or judgment rendered. The homestead exemption is in derogation of no right; is beneficent, liberal and wise. *State ex rel. v. Diveling*, 66 Mo. 375. And these statutes "should have a liberal interpretation to accomplish the object of the law." The defendant had a right to disclose by evidence the facts entitling him to have the execution quashed. *Pratt v. Canfield*, 67 Mo. 48. The judgment refusing to quash the execution, is a final judgment, from which an appeal lies. *James v. Ray*, 59 Mo. 280. (3) The evidence showed the land levied on to be the homestead of defendant, upon which he lived as the head of a family, and that it did not exceed the statutory dimensions or the statutory value.

*Dunlap & Freeman* for respondent.

(1) This cause of action has existed ever since 1876. Payne's deed to the property claimed as exempt, was filed March 1st, 1880. The statute and these dates ought to be conclusive upon this question in view of the decisions which fully sustain a literal construction of the statute. R. S. 1879, § 2695; *Shindler v. Givens*, 63 Mo. 394; *Farra v. Quigley*, 57 Mo. 284; *Stivers v. Home*, 62 Mo. 473; *Lincoln v. Rowe*, 64 Mo. 138. (2) This cause of action is and always has been a cause of action in this State. But if it were a

cause of action existing in another state prior to March 1st, 1880, (the date of the filing of defendant's deed to the property in controversy,) this property would be subject to its payment in the same manner as if it were a Missouri debt. *Lang v. Cunningham,* 17 Ia. 510 ; *Brainard v. Van Kuran,* 22 Ia. 261. (3) This debt has never been changed since 1876, when it was created, so as to make it "a new debt" in the sense, that the date of the cause of action should commence from the date of the change of the form of debt for the purpose of homestead exemption. Thompson on Homestead, § 311, notes 1 and 2; *Woodline v. Towles,* 9 Baxter, (Tenn.) 592. The same rule of construction applies where the debt has been converted into a judgment. Thompson on Homestead, § 312; *Wills v. Spaulding,* 50 Mo. 57; *Reed v. Defebaugh,* 24 Pa. St. 495 ; *Weaver's Estate,* 25 Pa. St. 434. (4) Defendant had the right to introduce evidence to show the execution was improperly issued. Yet he had no right to introduce evidence to show that the court in Kansas rendering judgment, had not allowed proper set-offs.

SHERWOOD, J.—This cause comes here on the appeal of the defendant, based on the refusal of the court below to quash an execution issued in the cause, and levied upon certain real estate claimed by the defendant as his homestead. The quantity of land did not exceed that exempted by law, and the deed whereby the defendant acquired the land was filed for record March 1st, 1880. The judgment on which the execution, in question was based, was rendered before a justice of the peace of Jackson county, Missouri, on service of ordinary process, April 7th, 1880, and this judgment, as was proved and admitted on the hearing of the motion to quash, was founded on a judgment rendered in a district court of the state of Kansas, July 18th, 1877. This judgment as the record shows, was a *general* judgment, the parties appearing and going to trial. The justice of the peace before whom the judgment first afore-

said was rendered, issued execution which was duly re-turned at the proper time unsatisfied, etc., and thereupon a transcript was filed by the justice, and on this the execution moved to be quashed, was issued on November, 26th, 1880.

Under the ruling in *Shindler v. Givens*, 63 Mo. 394, and *Lincoln v. Rowe*, 64 Mo. 138, and other cases decided by this court, the date of filing the deed by the defendant, March 1st, 1880, was the date of the acquisition of whatever homestead rights he possessed, and could not prevail against a pre-existing debt.

It does not appear where the cause of action arose, nor when it arose; it certainly had existence prior to the rendition of the judgment in 1877. And, if this was the case, it is wholly immaterial where the cause of action arose, whether in this State or elsewhere. The stutute, by which this cause is controlled, makes no distinction as to the *locus in quo* of the debt or cause of action, and gives no preference or vantage ground to home creditors, over those from other states or countries. This is the view taken of this point in Iowa. *Laing v. Cunningham*, 17 Iowa 510; *Brainard v. Van Kuran*, 22 Iowa 261. The judgment should be affirmed. All concur.