Lee v. The Tebo & Neosho R. R. Co.

JNO. LEE, Plaintiff in Error, *vs.* THE TEBO & NEOSHO RAIL ROAD Co., Defendant in Error.

1. *Railroads—Lands, condemnation of—Commissioners—Report, motion to set aside—Review.*—In proceedings to condemn lands for railroad purposes, the proceedings being regularly conducted, the opinion of the commissioners on the facts submitted to them, and also the propriety of the instructions or declarations of law asked on a motion to set aside the report of the commissioners, cannot be examined into, nor reviewed in this court.

2. *Railroads—Lands, condemnation of—Commissioners, order of reference to—Review.*—In proceedings to condemn lands for railroad purposes, the propriety of the order appointing the commissioners which contained their instructions, is subject to examination by this court.

3. *Railroads—Lands, condemnation of—Benefits, what are.*—When lands are condemned for railroad purposes, the benefits to be assessed to the owner, with reference to the remainder of his land, are such as his land derives from the road over and above the benefits to his neighbors, whose land is not taken.

### Error to Howard Circuit Court.

*Hayden & Tompkins*, for Plaintiff in Error.

I. The commissioners had no right to consider any advantage that was not special to the land to be condemned; and they had no right to off-set special dis-advantages by general advantages. (49 Mo., 165.)

*S. C. Major, Jr.*, for Defendant in Error.

I. The motion to set aside the report of commissioners is addressed to the court. Instructions in such a case are not proper, and the refusal of them cannot be assigned for error. (Conran vs. Sellew, 28 Mo., 320 ; Parker vs. Waugh, 34 Mo., 340.)

NAPTON, Judge, delivered the opinion of the court.

This was a proceeding under sections 9 and 10 of the charter of the Tebo and Neosho R. R. Co., (Jan'y. 16th, 1860,) to condemn land of Lee, the plaintiff in error, in Howard county, over which the said road was laid out.

The Judge of the Circuit Court appointed commissioners, and in the order they were directed to report " the damages done to the land, or any improvements thereon, by reason of the location of said road, taking into consideration the value of the lands, and the advantages and disadvantages of the

road and its appurtenances." The commissioners reported nominal damages merely, and, upon the return of the report, Lee made various objections, and his counsel asked several instructions as to the law, all of which were refused. There is no objection to the regularity of the proceedings, nor can this court undertake to review the action of the court in refusing instructions upon the motion to set aside the report.

It appeared from the report of the commissioners, that the road ran through Lee's enclosures diagonally, leaving about 60 acres detached from the main body of his farm; that his land was worth $50 per acre; that the injury to the triangular strip cut off by the railroad, was about $300; that 11 20-100 acres were taken for the road; that a depot of the road was located about 400 yards from Lee's house, but not on his land, and that his house was about 300 yards from the Missouri river.

The opinion of the commissioners on the facts, we have no power to examine, nor is the propriety of the instructions, or declarations of law asked, a matter of review, as they were asked upon a motion to set aside the report. But the propriety of the order, which contained the instructions to the commissioners, is properly before us, and presents the only question in the case.

This subject was considered by this court, and determined in several cases. (Newby vs. Platt Co., 25 Mo., 258; Lou. & P. R. R. Co. vs. Pickett, *Ibid*, 535; N. M. R. R. vs. Lackland *Ibid*, 515; Garrett vs. City of St. Louis, *Ibid*, 505; Pacific R. R. vs. Crystal, *Ibid*, 544.)

The conclusion of the court in these cases seems to have been acquiesced in here, although contrary opinions have been maintained with much ability by courts elsewhere, and by elementary writers. This conclusion was, that the commissioners or jury (as the case might be) in estimating benefits, should be restricted to such peculiar and direct benefits or increase of value, as result to the land not taken for the road, in which other lands in the neighborhood do not participate. The advantages to be considered by the commissioners, are such as particularly and exclusively affect the particular land, a por-

tion of which is condemned; and are not advantages of a general nature, which the owner in common with his neighbors, whose lands are not taken, derives from the improvements. (Garrett vs. City of St. Louis, 25 Mo., 505; Lou. & F. P. R. Co. vs. Pickett, *Ibid*, 535.)

The order to the commissioners in this case does not conform to this view of their duty, or rather it fails to explain what benefits they should consider. The intrinsic value of the land condemned, and the injury to the remainder of the land by the road, seem to have been admitted to be not less than eleven hundred dollars, and the commissioners must have estimated the advantages to Lee at about the same amount. Whether they understood that these advantages must be restricted to such as he derived from the road, over and above his neighbors, whose land was not taken, does not appear. It has been suggested, that we ought to reverse and overturn the rule we have referred to, and allow the land-owner to get the price of his land without regard to benefits. There are, no doubt, cogent reasons, and respectable authority to justify such a decision, but we prefer to stand by what is manifestly the established doctrine in this State.

The judgment will be reversed and the cause remanded, with the concurrence of the other Judges.

Judge Adams, having been of counsel, did not sit in this case.