75   463
34a 588

## BUCHANAN v. SMITH, *Appellant.*

1. **Res Judicata.** A construction of a contract once fixed by a decree of court, is *res judicata* between the parties to the decree.
2. **Defendant** was required by a decree of court to surrender to plaintiff certain notes. He surrendered them, but not until he had first collected and appropriated to his own use a portion of each. *Held,* that this was not a compliance with the decree, and that plaintiff was entitled to maintain an action for the amount so appropriated.

*Appeal from Moberly Court of Common Pleas.*

AFFIRMED.

*Chas. A. Winslow* for appellant.

*W. T. McCanne* for respondent.

HENRY, J.—In July, 1872, J. H. Burkholder purchased of C. C. Buchanan a parcel of land, about twenty-three acres, adjoining the town of Moberly, at the price of $6,500, for which he executed his promissory notes, secured by a deed of trust on the land, which contained the following provision:

"And if said Burkholder shall sell said land, or any part thereof, for a fair and reasonable price, the said James H. Buchanan, party of the second part, shall release the part so sold from this deed of trust, provided the proceeds of such sale, money and notes, shall first be placed in hands of said James H. Buchanan as collateral security to secure the payment of the notes herein mentioned; and provided the notes taken for the deferred payments on such sale shall be secured by a deed of trust on the property so sold; and all moneys so received by said James H. Buchanan on such sales, or on or for such notes, shall be credited as payment on notes herein mentioned."

Subsequently, Burkholder laid off the tract into town lots and sold two of the lots, one to Meyer and the other to Voth, for $700 each, taking a deed of trust from the purchasers respectively to secure the purchase money. These notes he afterward assigned to the defendant, Joel Smith, to whom, in the years 1874 and 1875, Meyer paid on his note, $375, and Voth paid $225.

At the September term, 1876, Smith instituted a suit in the Moberly court of common pleas against C. C. Buchanan, to enjoin and restrain him from proceeding to sell said lots under the deed of trust executed by Burkholder to him, the result of which was a decree in C. C. Buchanan's favor, in which the court found and decreed that by the terms of the deed of trust from Burkholder to Buchanan, the latter was entitled to the notes against Meyer and Voth, assigned by Burkholder to Smith, and that

Smith should deliver them to Buchanan. Smith delivered the notes, but refused to pay to Buchanan the money he had received of the makers, and this suit is for the recovery of that amount. Plaintiff had judgment, and defendant has appealed.

The argument made by appellant's counsel would have been appropriate, if it had been addressed to the trial court on the hearing of the cause of Smith against Buchanan; or, if Smith had appealed from the judgment in that case we are inclined to think that appellant's argument now made, would have prevailed, but the matter is *res judicata*. The court placed a construction upon the clause of the deed of trust above quoted, which, however erroneous, must stand in the present controversy.

It is true, as the counsel contend, that the court did not order Smith by that decree to pay any money to Buchanan, but it did determine that the latter was entitled to the notes under his deed of trust the moment that Burkholder received them. If so, he was entitled to the notes to the extent of the obligation they imposed upon the makers, at the time they were executed. Delivering the notes, reduced by credits aggregating $600, was a compliance with the letter, but not with the spirit of the decree. All concurring, the judgment is affirmed.