Combs v. Smith.

COMBS v. SMITH, *Receiver, Appellant.*

1. **Receiver**: HIS LIABILITY FOR TORTS. An action may be maintained against the receiver of a corporation for a tort committed by the corporation before his appointment. The judgment, if for the plaintiff, will be against him in his capacity as receiver, and is leviable out of the assets in his hands.

2. **Railroads**: BENEFITS TO BE ALLOWED ON ASSESSMENT OF DAMAGES FOR RIGHT OF WAY. The benefits for which a railroad company are entitled to be allowed in estimating the damages sustained by a land owner by reason of the appropriation of his land for the road, are such as the land derives from the location of the road through it, and are not enjoyed by other lands in the same neighborhood.

3. ———: CONDEMNATION OF RIGHT OF WAY: MISTAKE. In an action against a railroad company for unlawfully occupying the plaintiff's land, proof that the land was omitted by mistake from the report of the commissioners in a proceeding to condemn a right of way across this and other lands, and that the road was built over the land in controversy with the knowledge and approbation of plaintiff, is not equivalent to proof that the land was included in the condemnation.

4. **Estoppel.** Whether or not a party is estopped by laches and acquiescence, is a question for the triers of the fact.

5. **Statute of Limitations.** This action was brought May 16th, 1877, to recover damages for a trespass which the evidence showed was completed in the year 1872, but at what time of the year did not appear. *Held*, that in the face of a finding by the trial court that the action was not barred by the five-year limitation act, this court would not presume that the trespass was completed prior to May 16th, 1872.

6. **Accord and Satisfaction.** On the trial of an action against a railroad company for unlawfully occupying plaintiff's land, the plaintiff testified that before the company entered upon the land it gave plaintiff an agreement in writing to settle for it, but this agreement was not admitted or pleaded by the defendant as a defense, nor was it produced or offered to be produced at the trial. *Held*, that for the purpose of basing upon it a defense of accord and satisfaction, it was not before the court.

*Appeal from Linn Circuit Court.*—Hon. G. D. BURGESS, Judge.

AFFIRMED.

*Chas. A. Winslow* and *L. F. Hatfield* for appellant.

*A. W. Mullins* for respondent.

MARTIN, C.—The plaintiff brought a suit on the 16th day of May, 1877, against the defendant as receiver of the Burlington & Southwestern Railway Company. The character of the action is somewhat peculiar. It is alleged in the petition that the North Missouri Central Railroad Company in 1868 located a portion of their line over and across the lands of the plaintiff, consisting of fifty-five acres off the east side of the northwest quarter, and the northeast quarter of the southeast quarter, all in section 7, township 58, range 20; that the company, without condemnation or leave, commenced and partly constructed their road through the plaintiff's land within the years 1868, 1869 and 1870; that on the 31st day of May, 1871, the company conveyed its franchises and rights to the St. Joseph & Iowa Railroad Company, and that on the 23rd day of June, 1871, the latter named company conveyed the same to the Burlington & Southwestern Railway Company; that in the year 1872 the latter company continued the construction of the road and completed the same across the plaintiff's land covering a strip 100 feet wide by a mile in length; that the construction of the road has so separated and divided his lands as

3—78

to greatly impair their value, and that he has sustained damages by reason thereof in the sum of $2,000, for which judgment is prayed. It is alleged that defendant became receiver of said last mentioned road in November, 1875. The petition concludes with an offer to convey the right of way to the company upon receipt of proper and just compensation for the damages sustained by him as aforesaid.

The defendant in answer pleaded the statute of limitations. He also set up as a defense a record in certain proceedings of condemnation which were commenced in June, 1869, and concluded in August, 1869. · It was alleged that the commissioners who rendered the report of condemnation accidentally omitted that portion of the northeast quarter of section 7, which is covered with the road-bed; that the road over it was constructed under the belief that the strip was included in the report; that the plaintiff was a managing officer in the road and stood by and saw the construction of it at great cost and outlay and never manifested any claim or right to the land, by reason of which acts and doings he is estopped from prosecuting this suit. The answer also denies the sole ownership of plaintiff, and alleges that one H. C. Prewitt was owner of an undivided half thereof.

The case was tried by the court. Deeds were given in evidence showing that plaintiff owned an undivided half of the land at the time of the construction of the road, and that since then, and before suit, he had acquired the other half. The record of the proceedings in condemnation showed that the road-bed over all the plaintiff's land was included in the report of condemnation, except that over the southeast quarter. Evidence relating to the damages by the location of the road was submitted on both sides. The defendant introduced evidence tending to show that the road-bed over the southeast quarter was omitted from the report of the commissioners by mistake; that the road was graded through with the knowledge and approbation of plaintiff; that it was included in the assessment of dam-

ages in the sum of $1, which was made in the proceedings of condemnation; that the portion in the southeast quarter covered by the road amounted to about six acres. The plaintiff testified in rebuttal that he objected to the construction of the road until he should be paid; that the attorney of the road gave him a contract signed by the president of the road and by himself, to settle for the right of way; that in 1874 he got possession of the road and fenced it up; that the receiver took possession of it without saying anything to plaintiff about it, and has held it without his consent; that he has been paid nothing for the right of way, and that he has refused to relinquish or convey it for nothing.

The following instructions were given at the instance of plaintiff:

1. It is admitted by the pleadings in this case that the plaintiff is the owner of the lands described in the petition, and that he was such owner when the railroad was located and constructed over, through and across said lands, except as to the undivided one-half of the southeast quarter of section 7, township 58, range 20.

3. If the plaintiff's title to the lands in question is admitted by the pleadings in the case, or, if not so admitted, established by the evidence, then the burden of proof rests upon the defendant to show that the plaintiff has been divested of his title to the strip of land held and occupied as a right of way for said railway in the mode and manner and as provided by law.

7. And unless it affirmatively appears upon the face of the proceeding had in the matter of condemnation that every essential prerequisite of the statute conferring the authority has been fully complied with, then in such case every step from the inception to the termination is a mere nullity and the whole proceeding void.

8. If the court find for plaintiff, then, in estimating the damages sustained by him, the court should take into consideration not only the actual value of the strip of land

taken and appropriated for the right of. way, but also the diminution in value caused thereby, if any, of the residue of plaintiff's land from which said right of way was taken.

9.   Under the evidence in this case the plaintiff is entitled to recover.

The following instructions were given at the instance of defendant:

2.   The court further declares the law to be that if on the — day of May, 1869, ten days or more before the first Monday in June, 1869, the North Missouri Central Railroad Company filed a petition in the office of .the clerk of the circuit court of this county against the plaintiff herein, Joseph Combs, and others, praying the court in due form of law to appoint commissioners to view and assess the damages to the lands described in the petition, or any part thereof, among other lands, and for the purpose of condemning and acquiring the right of way through and over said lands, and that the said Joseph Combs was duly summoned to the said June term of said court, and that on the 18th day of June, 1869, the said court made the order read in evidence duly appointing Helgman P. McClanahan, Benjamin F. Howe and Achilles M. Clarkson, disinterested citizens and residents of said Linn county, Missouri, commissioners to view the said lands and assess the damages sustained by reason of the construction of the said railway through the same, and the condemnation of the right of way thereover, and that said commissioners did, in pursuance of said appointment, on the 1st day of August, 1869, view said lands, or any part thereof, described in the petition, and did duly assess the damages sustained by plaintiff by reason of the acquiring of said right of way and the construction of said railroad across the same, and did fix the amount of such damages so sustained at the sum of $1, and did on said day make a report of their said proceedings in writing, and subscribe and swear to the same, and the said report, together with the $1 assessed for damages as aforesaid, were duly filed with and in the office of

the clerk of the circuit court of this county immediately thereafter, and that by virtue of such proceedings so had the North Missouri Central Railroad Company took possession of said lands, so condemned, and constructed a railroad thereon, and that the same has since been by the said railroad company and its successors, and still is operated over and through said lands as a part of one continuous line of railway, then the finding should be for the defendant as to all that portion so condemned and taken.

3. If the court finds from the evidence that at the time of the entry upon the southeast quarter of said section 7 in 1869 by the North Missouri Central Railroad Company, and at the time of the location of the road through and over the same, and at the time of the grading and completing of the same the plaintiff was the owner of only one undivided half thereof, and that the other undivided half of said quarter section then belonged to one H. C. Prewitt, who made no claim or demand of said railroad company for right of way through the same, then in no event can the plaintiff recover more than one-half the actual value of the lands actually taken and appropriated by said railroad company.

The court refused to give the following instructions for defendant:

1. If the court should believe from the evidence that the North Missouri Central Railroad Company located the railroad over and through the lands in controversy which are described in the petition, and took possession of the same and commenced work thereon in the year 1869, then plaintiff's cause of action accrued at that time, and his cause of action is barred by the statute of limitations, and he cannot recover in this action.

4. Although the court may believe from the evidence that the plaintiff is entitled to recover damages for the lands described in the petition, or some part thereof, yet in no event should the finding be for more than the actual value of the land taken and appropriated by the railroad

company, the right of way over which had not been previously, duly and regularly acquired by the said railroad company.

The court gave of its own motion the following declaration:

The record read in evidence by defendant for the purpurpose of showing a condemnation of the right of way through plaintiff's said lands under proceedings instituted by the North Missouri Central Railroad Company are insufficient to establish such alleged condemnation through all of plaintiff's lands, and plaintiff is not thereby precluded from recovery in this action.

The court found in favor of the plaintiff as to an undivided half of the portion of the road on the southeast quarter, and gave him judgment in the sum of $450 damages. In deciding this case it is not necessary to go outside of the points raised and submitted by the defendant in his brief.

I. It is objected that no cause of action is contained in the petition or evidence, because the trespass complained of transpired before the receiver took charge of the road. This objection is made under a misconception of the object of this action and the nature of the judgment which was actually rendered in it. When a corporation passes into the hands of a receiver, it is taken by him subject to all the debts and liabilities existing against it, at the time of his appointment, whether rising from contract or tort. The court appointing him ascertains and adjusts these debts and liabilities, and orders a distribution of the assets in discharge thereof, according to the law and equity governing them. On application of the claimant, the court entertains and adjusts his rights. It may exercise the discretion of allowing the adjudication of his demand to be made in an independent suit, and this is usually done when the issues can be more conveniently tried in the place where the facts arise and the venue belongs. Before instituting his suit the claimant obtains leave from the court of which

the receiver is an officer, to sue him in another tribunal, which was the case here. In respect to the past liabilities of the corporation, it is not pretended the receiver can be personally held. Nevertheless he is the representative of the corporation, taking its place in respect to the custody and administration of its estate, and toward its claimants and creditors he occupies a relation somewhat analogous to that of an administrator. The functions of the corporation being suspended as to its former managers, the receiver takes their place and holds and conducts everything in his own name. A suit, therefore, to ascertain and adjust a liability of the company is properly brought against the receiver in his capacity as such, somewhat in the same form as a suit against an administrator by a creditor of the estate of the deceased. The judgment goes against the defendant in his capacity as receiver, and is leviable out of the assets of the company in his hands. Such is the judgment in this case. Upon this judgment the court that granted leave to the plaintiff to sue will adjudge to him his equitable share in the assets of the company, and order payment according to the equities and priorities of the different claimants on the assets. In the case of *Commonwealth v. Runk*, 26 Pa. St. 235, the supreme court of Pennsylvania approved of a proceeding in this form to ascertain and adjust a legal demand, and ordered a judgment of the description I allude to. We have no knowledge of the condition of the assets of the company of which the defendant is receiver, and we have nothing to do with the enforcement of the plaintiff's demand against said assets. It must be classified and disposed of by the court having custody of the assets, somewhat in the manner of a judgment against an administrator leviable out of the assets of the estate he has charge of.

II. The counsel for defendant objected to the instruction given at plaintiff's request, numbered 8, for the reason that it leaves out of consideration the benefits which may have accrued to the plaintiff by construction of the road

over his land.   The benefits to be considered in such cases
are such as the " land derives from the location of the road
through it as are not common to the other lands in the
same neighborhood."   *Quincy R. R. Co. v. Ridge,* 57 Mo.
599 ;  *Wyandotte R. R. Co. v. Waldo,* 70 Mo. 629.   There
was no evidence of any such benefits.   The testimony of
Stone and McClanahan consisted of an explanation of the
rules pursued by them when as commissioners they made
the former assessment. Neither they nor any other witnesses
testified about the peculiar benefits inuring to plaintiff over
other proprietors in the neighborhood by having a railroad
graded diagonally across his farm.

III.   The objection that the court ought to have found
that the southeast quarter was included in the condemna-
tion proceedings, is not well taken.   The record shows that
it was not in the report of condemnation, and the answer
admits that it was not in.   Such a finding would have been
against the evidence and the admission of the defendant in
his pleadings.   The proceedings of condemnation could
not be corrected in this suit, as all the parties to that record
were not before the court, and no reform or correction was
prayed for.

IV.   The question as to whether the plaintiff was es-
topped by his laches and acquiescence in the conduct of
the railroad is a question of fact on the evidence bearing
upon it, which is contradictory.   The court has, upon this
evidence, found against the defendant, and we see nothing
in the case to justify us in disturbing the conclusion which
the court came to in rendering its judgment.

V.   The objection that the action is barred by the
statute of limitations, is not supported by the evidence.
This being a mere action of trespass, it does not appear
from the record that five years had elapsed since the con-
struction of the road was finished and the trespass accom-
plished in 1872 as to the southeast quarter.   This action
was instituted in May, 1877, and it was incumbent on the
defendant to make out his defense of the statute of limita-

tions and prove that although the trespass ended in 1872, it was prior to May 16th, 1872, so as to leave no doubt about the bar of the statute. He has failed to do this, and the court having found against him, we do not feel authorized to help him out by any presumptions. We think, upon the law of presumptions, the inference must be the other way, inasmuch as they should be invoked to support rather than overthrow judgments. The finishing of the road was a continuing trespass, and under the statement that it transpired in 1872, there is nothing violent in the presumption that it continued the whole of the year. So far as plaintiff's right of action is concerned, a discrepancy in time is immaterial. So far as the defense of the statute is concerned, time is a material thing, and we think if the defendant wants the benefit of the statute he should bring himself within it by competent evidence.

VI. The allusion of plaintiff in his testimony to some written agreement with the road for settlement with him for the right of way cannot operate as a bar to his suit in this case. It is not admitted or pleaded by defendant as a defense, and it was not produced or offered to be produced at the trial. For the purpose of basing upon it a defense of accord and satisfaction of the matter on trial, it was not before the court.

The judgment is affirmed. PHILIPS, C., concurs; WINSLOW, C., not sitting, having been of counsel in the case.