ALLEN, *Administrator*, V. THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Pleading**: USER OF LAND. In an action to recover the value of the use of plaintiff's land, the petition is sufficient, although it alleges that the use was permitted, but does not aver that the right to compensation for such use was reserved nor when the occupation and user began.

2. **Land, Appropriation of by Railroad**: MANDAMUS. One can recover in an action at law for the use and appropriation by a railroad of his land. He is not bound to resort to mandamus to compel the railroad to have the land condemned for its right of way.

8. **Deed Construed.** A deed construed and held to be a grant of an easement and not a conveyance of land.

*Appeal from Clay Circuit Court.*—HON. G. W. DUNN, Judge.

AFFIRMED.

*D. C. Allen* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action. *Clement v. Durgin*, 5 Me. 9; *Fuller v. Plymouth*, 15 Pick. 81; *Marble v. Whitney*, 28 N. Y. 297; *People v. Goodwin*, 5 N. Y. 568; *Noyes v. Chapin*, 6 Wend. 461; *Rio Grande R. R. v. Bounsoille*, 45 Tex. 88. (2) The circuit court did not have jurisdiction of the action. Constitution, art. ii, sec. 21; High on Extraordinary Legal Remedies, sec. 318. (3) The circuit court did not properly construe the deed from Joel Turnham and wife to William H. Wymore *et al.*, dated February 11, 1856. By it a fee passed to the grantees subject to Turnham's right to cultivate and use the strip for farming purposes only. This right, and no other, passed to Giros by the deed of February 29, 1858. There is no evidence that Joel Turnham or Joseph Giros,

after February 11, 1856, and prior to the filing of the petition (February 7, 1880), ever used the reservation. The only attempt on the part of Giros to use the strip—and that was in violation of the covenant of the deed of February 11, 1856—was to store cord wood thereon during the civil war, more than eighteen years before suit was brought. Hence, the reservation had never been operative. *Thompson v. Gregory*, 4 Johns. Rep. 81; *Provost v. Calder*, 2 Wend. 517. The failure of proof of the consolidation of the St. Louis, Kansas City & Northern Railway Company with the Toledo, Wabash & Western Railway Company was fatal to a recovery by plaintiff. Giros was barred by the statute of limitations. He was also estopped to claim that he was owner in fee of the strip by the judgment in case of Higbee, administrator, against himself and wife. Bigelow on Estoppel, 269.

*Samuel Hardwicke* and *Simrall & Sandusky* for respondent.

(1) The plaintiff permitted the construction of the railroad on his land, so that he could not have maintained ejectment or trespass, but he did not waive his right to compensation. The defendant recognized his right, and at different times purchased rock from him on this land. *Provolt v. C., R. I. & P. R. R. Co.*, 57 Mo. 256; 57 Mo. 275; *Ring v. Miss. R. Bridge Co.*, 57 Mo. 496. (2) The circuit court had jurisdiction to try the case. In condemnation proceedings the initiative is with the railway company, and if they construct their railroad upon another's land without following the statute, the owner may pursue the usual common law remedy. R. S. 1879, sec. 892, art. 6, ch. 21; Mills on Em. Domain, secs. 89, 90, p. 117 (1 Ed.), and cases cited; *Blesch v. Chicago R. R.*, 43 Wis. 183; *Atlantic R. R. v. Fuller*, 48 Ga. 423; *Hartz v. St. Paul R. R.*, 21 Minn. 358; *Anderson R. R. v. Kernodle*, 54 Ind. 314; *Kas. Pac. R. R. v. Streeter*,

8 Kas. 133; *Ewing v. St. Louis*, 5 Wall. 413; 57 Mo. 256, 275, 496. The law does not require the owner to move for a mandamus to compel the corporation to follow the statute. *Smith v. Chicago Ry.*, 67 Ill. 191; *Shepardson v. Milwaukee R. R.*, 6 Wis. 605. (3) The deed from Joel Turnham to Wm. H. Wymore *et al.* conveyed an easement simply; Turnham still retained the fee, and subsequently conveyed it to Giros by general warranty deed, without qualification. When the railway company constructed their railroad over this land, the owner was entitled to compensation; just as the owner of ground upon which a highway is located, is entitled to compensation for a new and different public use to which the ground may be subjected. (4) The record in the case of Elisha Higbee, administrator of Joel Turnham's estate, versus Joseph Giros, simply shows that, when Giros was sued for the remaining purchase money due on the land, he set up the fact that Turnham had made him a general warranty deed; that this shipping privilege in favor of Wm. H. Wymore *et al.* was, at the time of the execution of the deed, an encumbrance upon the land bought by him; he asked and received, by the judgment of the court, a credit for this encumbrance. (5) The question of consolidation amounts to nothing; if the appellant was holding this land by permission of the respondent, as the jury found, and not adversely, as the jury found, then the respondent was entitled to compensation for the land, whether the appellant was a purchaser from a former road, or merely the resultant of a consolidation. (6) The jury's verdict was against the appellant on the plea of limitation, and their finding upon this question and upon all other questions of fact involved in the case is final.

DeArmond, C.—Joseph Giros, in February, 1880, sued for $2,000 for the use by defendant and its predecessor of a strip of his land along the Missouri river, near Liberty Landing, for the bed of its railroad. In his

petition he alleged that he had owned, since 1858, a certain tract of one hundred and twelve acres, describing it, and had ever since had and been entitled to the possession of said tract. That about the year 1875, and prior thereto, the St. Louis, Kansas City & Northern Railway Company and its predecessor had been occupying and using, and had continued to occupy and use said strip as a roadbed for a railroad, with his permissiom. That in 1879, said St. Louis, Kansas City & Northern Railway Company consolidated with the Toledo, Wabash & Western Railway Company, and thereby was created the defendant. That by such consolidation the defendant succeeded to all the rights and privileges, and became subject to all the obligations and liabilities of the said St. Louis, Kansas City & Northern Railway Company. That the defendant continues to occupy and use the said strip of plaintiff's land for its road bed and railroad track, and is liable to him for such use thereof by it and its predecessor. The answer is a general denial, a plea as to possession of the ten-year statute, and a plea as to the accruing of the alleged cause of action of the five-year statute. There was a trial by jury, a verdict for plaintiff for one hundred dollars, and a judgment accordingly, from which this appeal was taken. Since the cause has been pending in this court, Giros died, and the action was revived in the name of John M. Allen, administrator, plaintiff.

Plaintiff claimed under a warranty deed from Joel Turnham and wife, dated March 29, 1858, conveying one hundred and twelve acres, and of this tract the strip upon which the railroad was built formed a part. Defendant introduced in evidence a deed from Joel Turnham and wife, dated February 11, 1856, to Wm. H. Wymore, Greenup Bird and Madison Miller, conveying a number of tracts; the strip along the river, ten rods wide, on a portion of which the railroad was afterward built, was included in this deed, Turnham claiming to own a half interest in it. Defendant introduced another

deed, dated March 10, 1865, from Wymore and wife, Bird and wife, Miller and wife, and one Michael Arthur and wife (said Arthur appearing to be the owner of the undivided half of the premises conveyed), which deed was made to Sarah Baxter, wife of John Baxter, and in which the ten rod strip, with other lands, was conveyed. Also the record in the cause of Higbee, administrator of Joel Turnham, deceased, plaintiff, against Joseph Giros, defendant. This action was begun in 1866, in the Clay circuit court, to foreclose a deed of trust given by Giros and wife to secure the payment of a portion of the purchase money of the one hundred and twelve-acre premises conveyed to Giros by Turnham and wife. The premises were sold to Giros for twenty dollars per acre, and the petition alleged an indebtedness of seven hundred and forty-two dollars, and interest at ten per cent. for six or seven years. Giros, for defence, charged that he was to get a fee-simple title to the premises, but that as to the ten rod wide strip, he acquired no right or title which would authorize him to erect warehouses or wood yards thereon, or to use the same as points of shipment on steamboats and other water craft, and that said strip of land is utterly worthless for any other purpose than for its river privileges. He prayed judgment for $1,500, for his damages. The suit ended in a judgment, by consent of parties, for one cent damages, awarded Giros, with costs. There was evidence tending to show that the railroad was built on the ten rod strip by leave of Sarah and John Baxter. Also that Baxter was in possession of this strip, except the part of it occupied by the railroad company, until his death, which occurred a short time before this suit began. It was admitted that defendant's railroad was built in 1868, by the North Missouri Railroad Company. There was a trial by jury, a verdict for plaintiff for one hundred dollars, and judgment accordingly, from which this appeal was taken. Since the cause has been pending in this court Giros died,

and the action has been revived in the name of John M. Allen, administrator, plaintiff.

I. A great many errors are assigned, but appellant's counsel presses with particular fervor three points, to which attention is now first given. He contends that the petition does not state facts sufficient to constitute a cause of action, in that it admits that the use was permitted, and does not allege that the right to compensation was reserved, or when the occupation and user began. Without copying this pleading to make clearer the point of his objection, we decide that the objection is not well taken.

II. He next argues that the court had no jurisdiction of the action. That if the defendant refused to proceed under the statute to have condemned for its right of way the land it so occupied, plaintiff could compel it by mandamus to do so; and thus only could he have an assessment of damages. I can see no reason for confining the plaintiff to a mandamus proceeding, and think the cases cited by respondent's counsel sustain their view of the law. *Provolt v. C., R. I. & P. R. R. Co.*, 57 Mo. 256; *Baker v. Same*, 57 Mo. 265; *Ring v. Miss. Riv. Bridge Co.*, 57 Mo. 496.

III. It is insisted that the deed from Turnham and wife, executed in 1856, conveyed the fee in the ten rod-wide strip along the river, on which the railroad is built; and that by the deed executed in 1865, to Sarah Baxter, she acquired the title in fee to this strip. Words of conveyance are used in the deed of 1856 to Wymore, Bird and Miller, but the strip, or the right to its use, is "for the purpose of being used by the said party of the second part for shipping purposes and erecting thereon a warehouse or warehouses wherever they, the said party of the second part, may see proper to do so, or to so use it. The said party of the first part reserves the right to cultivate and use for farming purposes any part or all of said strip of ten rods when not used by the said party of the second part for shipping purposes or for warehouses,

but for no other purpose." Following the intent of the parties as gathered from this long conveyance, it is concluded that no more than an easement passed by the deed, the second party acquiring the river privileges at and about Liberty Landing by securing the exclusive right to erect warehouses, etc., on this narrow strip skirting the Missouri river for some two miles. While this river privilege was granted, Turnham reserved the right to cultivate the strip, or such part of it as at any time might not actually be used for the specified purposes. If this construction is correct, the warranty deed to Giros, in 1858, passed to him the title to this strip, subject to the easement aforesaid ; and so the court below instructed.

IV. It is further urged that Giros was estopped by his pleading and the judgment in *Higbee, Adm'r, v. Giros*, from setting up title to this disputed strip. Giros did not plead, nor was it decided, that he had not acquired title to the strip. He pleaded that he had not acquired any right or title which would enable him to erect warehouses or maintain wood yards thereon, and that the strip had no value aside from its river privileges. I cannot discover the element of estoppel, even if I had found in defendant a right to avail himself of it.

V. The questions of limitation as to the possession of the Baxters, and, also, as to that of the railroad companies, was properly put to the jury in the instructions given. Defendant's instructions were defective in speaking of "possession" merely, without qualification, and were properly refused.

VI. Defendant complains that there was no proof of the consolidation alleged in the petition. And he argues that the action, though in form one to recover for the use of a certain strip of land, was, in fact, for the value of the land taken. These points may be disposed of together, or we may let each dispose of the other. If there was no proof of consolidation defendant could not be holden for the use of the land in question, by some

other company. But, there being no consolidation shown, and the allegation of the fact in the petition not being accepted as true, defendant cannot avail itself of the possession of its predecessors, not showing any connection with them. And as defendant came into possession of this land only one or two years before suit was brought, and as the action was in reality for the value of the land appropriated, no question as to any statute of limitations arises, and defendant can be holden for the value of the land as well as for the damages directly resulting from its appropriation, special benefits considered.

Ground for reversal not being found, the judgment should be affirmed. All concur.