LOVISA D. WELSH and JAMES D. WELSH, Respondents,
v. THE CHICAGO, BURLINGTON & KANSAS CITY
RAILWAY Co., Appellant.

Kansas City Court of Appeals, October 26, 1885.

1. LIMITATIONS—RUNS AGAINST RAILROAD COMPANIES.—The statute of limitations runs against such corporations as railroad companies, and they by ten years' adverse occupancy would acquire an easement in land taken from the owner for the purposes of their road. So adverse occupancy and use of land by the owner, which had been so taken, would deprive such company of its easement. *State v. Culver*, 65 Mo. 610.

2. DAMAGES—MEASURE OF IN THIS CASE.—The owners of land are entitled to full damages for the taking and appropriation of their land. The difference between the value of the land without the railroad and the value of the land with the railroad is the true measure of damages in this case.

APPEAL from Linn Circuit Court, HON. G. D. BURGESS, Judge.

*Affirmed.*

The facts are stated in the opinion.

L. T. HATFIELD and H. C. MCDOUGAL, for the appellant.

I. The evidence shows a valid condemnation of the right of way in 1870; that defendant's predecessor then entered upon the land and commenced the construction of its railroad; that work was suspended at request of plaintiff, who then "agreed to furnish the grading over said land" at a stipulated price, and that when this agreement was made "a part of the grading had already been done and a culvert put in." The right to enter and actual entry being shown, the defendant's second declaration, that the burden was on plaintiff to show that the entry was without consent or *authority of law;* and its third declaration, that the condemnation proceedings were sufficient to divest title, should have been given.

II. The right to except to the report of the commissioners and to claim more damages than they awarded was a personal right, and could only be asserted by the owner of the land at time of appropriation. Such damages do not pass by a deed to purchasers at a judicial sale, as here, and plaintiffs purchased at their peril. *Beal v. R. R.*, 61 Me. 298; *McFadden v. Johnson*, 72 Pa. St. 335.

III. The company did not abandon its right of way, but simply suspended work for Welsh's accomodation. Again the use by a railroad is a *quasi* public use of its right of way—much the same as the public holds in a public road. In the latter case it is held that *non-user* of the right for twenty years is necessary to raise a presumption of abandonment. *State v. Culver*, 65 Mo. 607.

IV. It was error to declare the measure of damages, as the court did by the first instruction for plaintiff, viz. : "for the amount of the damages so sustained by them as shown by the evidence," not exceeding one thousand dollars. The case does not come within the rule of *Springfield v. Smook* (68 Mo. 394), but rather under the rule of *Jamison v. Springfield* (53 Mo. 224), and cases cited, viz. : "for the fair and reasonable value of the land taken."

A. W. MULLINS, for the respondents.

I. The court could well have held the condemnation proceedings a nullity. It did not appear that the essential pre-requisites of the statute had been complied with. *Ellis v. R. R.*, 51 Mo. 200; *Cunningham v. R. R.*, 61 Mo. 33; *R. R. Co. v. Carter*, Sup. Ct. not yet reported.

II. Neff, under whom plaintiffs obtained title to the premises, never gave up possession of the land to defendant's predecessor, nor recognized its right to go upon his land and take or use any part of it. His possession was essentially hostile and adverse to the railroad company and all others claiming under it. *School District v. Georges*, 50 Mo. 194; *R. R. Co. v. McGee*, 75 Mo. 522; *People v. Clarke*, 9 N. Y. 349.

III. The court did not err in declaring the law as to

the measure of damages.   Plaintiffs were entitled to recover full damages for the taking and appropriation of their land.   *Combs v. Smith, Receiver*, 78 Mo. 32 ; *Mueller v. R. R.*, 31 Mo. 262 ; *Soulard v. St. Louis*, 36 Mo. 546 ; Cooley on Const. Lim. (5 Ed.) 699.

HALL, J.—The petition in this case is very similar to the petition in the case of *Combs v. Smith, Receiver* (78 Mo. 32).   It alleges that Lovisa Welsh is the wife of James Welsh, and that the defendant is a railroad corporation created and existing under the laws of the states of Missouri and Iowa.   It then alleges that, on or about the " —— day of September, 1881, the said defendant by its agents, servants and employes, with force and arms and without leave and wrongfully, entered upon the following described land and premises situate in the county of Linn and state of Missouri, to-wit:   Fifteen (15) acres off of the west side of that part of the east half of the southwest quarter of section five (5), in township fifty-seven (57) of range twenty (20), outside and south of Gentry's addition to the town of Laclede, of which said land and premises the plaintiffs were in the actual, exclusive and peaceable possession and occupation, and the plaintiff, Lovisa D. Welsh, the owner thereof, and threw down, destroyed and removed the fences, gates and bars inclosing said land and premises, and proceeded to make and construct a railroad track, and in making the embankments and cuts therefor, dug up and destroyed a large number of hedge plants, to-wit, about fifty thousand, and that defendant has completed the road-bed and has laid down the cross ties and iron rails thereon through said land and premises, and that the railroad so constructed runs through said land, entering thereon near the northeast corner thereof and running thence in a southwesterly direction a distance of about one hundred rods, and thus dividing said land into two triangular lots or parcels. And that in constructing said railroad defendant has taken a strip of land through said premises about one

hundred feet in width, and in making the cuts and embankments for the same has rendered the same valueless as a part of plaintiff's premises.

" Plaintiffs say that they are ready and willing, and here offer to convey to the defendant or such other corporation as may be named by it, or to such person as it may designate, said strip of ground upon the payment of the damages sustained and just and reasonable compensation being made plaintiffs.

" Wherefore, plaintiffs say, that by reason of all of said wrongful acts of the defendant, the plaintiffs have sustained damages to the amount of one thousand dollars, and for which they ask judgment with costs."

The answer admitted that the defendant was the owner of the railroad described in the petition, and that it constructed its line of road through and across the land therein described, but denied all the other allegations in the petition.

The defendant further answering, said :  "That in the month of March, 1870, the Missouri Central Railroad Company  *  *  *  in which said company, plaintiff, James M. Welsh, was a stockholder, was engaged in the construction of its railroad  *  *  *  as provided in its articles of association, and while so engaged it became necessary to cross the lands described in plaintiff's petition, then owned and in the possession of Henry F. Neff, and being unable to agree with said Neff as to the amount of compensation said Neff should receive for the right of way over said lands, the said Missouri Central Railroad " procured the appointment of three commissioners to assess the damages for said right of way, due notice thereof being given to said Neff; that on the 11th of April, 1870, said three commissioners viewed said land, and assessed the damages for said right of way at one dollar ; that said commissioners duly made, executed and filed their report in writing of their assessment of such damages ; that the sum so allowed was deposited with the clerk of the circuit court on the 18th day of April, 1870, and that said report was duly entered of record at page 543 of judg-

ment record F, in the office of said circuit clerk ; that no exceptions were ever filed to said report ; that immediately on the filing of said report and the deposit of said money, said Missouri Central Railway Company entered upon said land and constructed its railroad thereon ; that before the 31st day of May, 1871, said railroad was so far completed as to be ready for the ties and iron, and that all excavations, etc., that were ever made thereon were completed prior to that date ; that said Neff "received from the clerk of said court the said sum of one dollar so deposited by said company ; that defendant is the successor of said Missouri Central Railway Company by successive conveyances and assignments, and is entitled to the premises in dispute for its right of way, the same never having been abandoned, and that more than five years have elapsed since the entry upon said land   *   *   *."

The case was tried by the court. It appeared from the evidence that the Missouri Central Railroad Company was duly incorporated in 1868. That Henry Neff, who was plaintiff, Lovisa Welsh's father, owned the land in suit from that time up to his death in 1877, and that after Henry Neff's death, and prior to September, 1881, Lovisa Welsh purchased the said land. The evidence tended to show a valid condemnation of a right of way over and through the land in suit in 1870 by the Missouri Central Railroad Company, and the payment by said company of the damages assessed in such condemnation proceeding.

It was admitted that the defendant was the successor of the said railroad company, and as such was entitled to all the rights and benefits in the premises, possessed by such company. The evidence also tended to show that after said condemnation proceedings were had the said Henry Neff held and retained the actual possession of all of said land, including the part sought to be condemned, for himself and against the railroad company, up to the time of his death ; and that after Neff's death the plaintiffs continued in the actual possession thereof as Neff's devisees, against the railroad

company, until the purchase by Lovisa Welsh, and thereafter continued said adverse possession until the entry by defendant. The evidence tended to show that without the railroad the land was worth from two thousand to two thousand, five hundred dollars, and that with it it was not worth more than fifteen hundred dollars.

For the plaintiff the court declared the law to be :

"1. If the court, sitting as a jury, find from the evidence that the plaintiff, Lovisa D. Welsh, was the owner and that the plaintiffs were in the actual possession of the premises described in the petition, and that whilst they so owned and possessed the same, the defendant by its servants and employes entered into and upon such premises without the consent and against the will of the plaintiffs, and built and constructed 'the railway through said premises, and that defendant has since maintained and run and operated the same where so constructed, then the finding should be for the plaintiffs for the amount of the damages so sustained by them, as shown by the evidence, in all, however, not exceeding the sum of one thousand dollars."

"3. If the court find from the evidence that Henry Neff continued in the actual and exclusive possession of the strip of land sought to be condemned for right of way for the railroad, after the proceedings were had for that purpose in the year 1870, and did not surrender the possession of such strip of land through said premises to the railroad company, but held and retained the actual possession thereof for himself as against the railroad company, and the successors of the original railroad company up to the time of his death, and that the plaintiffs, for thmselves, and as the devisees of said Neff thereafter, in like manner continued in the actual possession thereof up to the fall of the year 1881, and that the defendant then took possession of said strip of land without the consent of the plaintiffs, the finding must be for the plaintiffs."

This statement is sufficient to show the theory upon

which the circuit court tried the case, and the facts in support of that theory.

## I.

We think that the trial court's theory was correct. The statute of limitations runs against such corporations as the defendant. *The School Directors of St. Charles Township v. Georges et al.*, 50 Mo. 194, and cases cited ; 11 Cent. Law Journal, 241, 242 ; Wood on Limitation of Actions, 92.

The defendant, by ten year's adverse occupancy and use of the strip of ground in suit, would have acquired an easement in such strip. *The State v. Wells*, 70 Mo. 637, and cases cited.

Adverse occupancy and use of such strip of ground by the owners thereof for the same length of time would deprive defendant of said easement. *The State v. Culver*, 65 Mo. 610; *Missouri Institute of the Blind v. How et al.*, 27 Mo. 211.

## II.

The defendant claims that under the pleadings and evidence the true measure of damages is the fair and reasonable value of the land actually taken. The plaintiffs are entitled to full damages for the taking and the appropriation of their land. *Combs v. Smith, Receiver, supra.* The difference between the value of the land without the railroad and the value of the land with the railroad is the true measure of damages in this case.

The judgment of the circuit court is affirmed. All concur.