W. A. McREYNOLDS, Respondent, v. THE KANSAS CITY, CLINTON & SPRINGFIELD RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, March 4, 1889.

1. **Former Adjudication:** EQUITABLE DEFENSE IN A LAW ACTION HAVING BEEN SETTLED BY DECREE, THOUGH THE LAW PHASE OF THE CASE BE DISMISSED WITHOUT TRIAL, IS RES ADJUDICATED IN A SUBSEQUENT LAW ACTION. Where to an action at law for damages for constructing a railroad over plaintiff's land, defendant, in addition to a general denial interposed as an equitable defense and by way of cross-bill, the agreement of plaintiff to waive all damages and give the right of way and alleging full performance by the defendant and praying specific performance of the contract and the reply of plaintiff set up the defense of non-compliance, and the circuit court treating the two claims as two separate actions, first tried the equity suit, and dismissed the cross-bill, and thereupon the plaintiff took a non-suit without prejudice as to his action for damages and afterward instituted this suit for the same damages, *held:*

McReynolds v. The Kansas City, C. & S. Ry. Co.

(1) There had grown out of the original one action a separate equity suit, which should have been separately tried, determined and separate judgment entered, and could not have been properly otherwise tried.

(2) That the judgment entered in the equity suit settled forever and completely the rights and liabilities of the parties to the agreement and was not disturbed by the subsequent non-suit in the action at law.

2. **Damages**: RULE AS TO TAKING LAND FOR RIGHT OF WAY. Instructions are correct, which in effect tell the jury to regard the quantity and value of the land actually taken, and the damage, if any, to the remaining portions of the tract of which it forms a part, and to set-off against this sum such benefits as the farm may have received by reason of the location of the railroad, which are special or peculiar to the farm, and not common to other lands in the same neighborhood.

3. ———— : CONSENT TO ENTRY, NO BAR TO RECOVERY. That the defendant may have entered upon this land, to construct its road in 1884 with the consent of the plaintiff, is no bar to this action.

### On Rehearing.

**Transfer to the Supreme Court**: APPARENT CONFLICT IN RULING CAUSE FOR. Though the above announced rule as to the measure of damages is supported by *Welch v. Railroad,* 19 Mo. App. 127; and *Combs v. Smith,* 78 Mo. 32, yet as it seems to be in conflict with former decisions of the supreme court, this cause is transferred to the supreme court for decision.

*Appeal from the Henry Circuit Court.*—HON. D. A. DEARMOND, Judge.

AFFIRMED.

*Motion for rehearing overruled and cause transferred.*

Statement of the case.

This is an action for damages, brought by the plaintiff against the defendant, on account of the construction and operation of a railroad across plaintiff's land, situated in Henry county. The land is one entire tract

of about eleven hundred acres used as one single farm. In the month of September, 1884, defendant, desiring to locate and construct its road across the said farm, agreed with plaintiff, in writing, then executed, to build said railroad, across this land, within the space of eight months from the date of said agreement; and, in consideration thereof, plaintiff agreed to waive all damages on account of this passing over his land.

The defendant did not complete its road within the eight months; and on May 20, 1885, after the time for completion had expired, plaintiff gave notice to defendant to refrain from further work, or trespassing on his said land; and, defendant continuing work on said farm, the plaintiff brought suit for damages and praying an injunction.

In that suit, in addition to a general denial of plaintiff's rights to recover, defendant, in answer, interposed a further equitable defense or cross-bill, reciting the terms of the former written agreement, waiving damages and agreeing to give said right of way, and in said cross-bill declared full performance of all stipulations on its part. The defendant railway company asked affirmative relief, to-wit: That plaintiff be required to specifically perform his contract, and be compelled to convey said right of way to said defendant. The plaintiff in reply, and as answer to said cross-bill, set up the defense of non-compliance by defendant with the terms of said agreement—that the road was not built as agreed within the time, etc.

The circuit court treated the two claims made by plaintiff in his petition, and the cross-bill in defendant's answer, seeking specific performance, as two separate actions; and first proceeded to try the equity suit, as to what effect should be given to the written agreement. The material portion of the entry of judgment in that cause was as follows: "The court doth find from the evidence that the defendant, about the tenth day of

September, 1884, entered on and took possession of a strip of ground one hundred feet wide, across the following described lands ( describing them ), for the purpose of constructing a railroad across said strip of ground ; that defendant entered on and took possession of said strip of ground under, and by virtue of, a written contract made and entered into with the plaintiff on said tenth day of September, 1884 ; that the sole consideration for said contract and strip of ground was that the defendant would construct its railroad within eight months from the date of said contract ; that it was the duty of the defendant and it was bound by said contract to construct its railroad within eight months from the date of said contract.  The court further finds from the evidence that the defendant failed and neglected to construct its railroad within eight months from the date of said contract as it was bound under said contract to do.  That the consideration for said contract has wholly failed, and that said contract is without consideration and void and of no effect.  It is therefore adjudged by the court that the prayer of the defendant for specific performance of said contract be, and the same is hereby denied, and that the cross-bill of the defendant be and the same is hereby dismissed, and that the plaintiff have and recover against the defendant his costs herein expended and that he have execution therefor.  Thereupon the action for damages coming on for trial and both parties announcing ready, comes a jury, which, being duly sworn to try the cause, the defendant interposes a demurrer to the evidence, whereupon plaintiff takes a non-suit without prejudice.  It is therefore adjudged by the court that the defendant recover against the plaintiff its costs in this action for damages, and that it have thereof execution.''

Afterwards the plaintiff instituted the present action claiming two thousand dollars' damages for an alleged appropriation of the right of way, and, along with

the petition, and at the trial, tendered the defendant a deed for such right of way. A verdict and judgment for plaintiff was had for seven hundred and fifty dollars and defendant now appeals to this court.

*Wallace Pratt, I. P. Dana* and *Fyke & Calvird*, for appellant.

(1) Proof of damage to the particular parties through which the road runs without taking into consideration the whole connected body of plaintiff's land was improper. *Railroad v. Waldo*, 70 Mo. 629; *Winkleman v. Railroad*, 14 A. & E. R. R. Cs. 186. (2) Proof that plaintiff lost two acres which he used for turnrows, and that his water course was obstructed was improper: (*a*) Because too remote. (*b*) Because there is no allegation in the petition to support it. (3) The files in case of *McReynolds v. Railroad* were improperly admitted in evidence, and the court erred in instructing the jury that the written agreement of defendant was set aside and annulled by that judgment: (*a*) Because the pleadings in that case did not authorize such decree. (*b*) Because plaintiff in that case took a voluntary non-suit. Freem. Judg. [3 Ed.] sec. 261a. *O' Malley v. Judy*, 16 Mo. App. 553; Green & Meyers' Mo. Pleading and Practice, sec. 854. (4) Defendant's demurrer to the evidence should have been sustained. The evidence of plaintiff showed that defendant entered with his consent, and constructed the road under his written agreement to waive all damages. (5) Plaintiff's instruction number 3 is erroneous. It confines the attention of the jury to the forty-acre tract, independent of the whole farm. *Railroad v. Waldo, supra*. (6) Defendant's instruction number 2 should have been given. The proper measure of damages is the difference, if any, in the market value of plaintiff's farm immediately before and after the construction of the road. *Railroad v. Allen*, 41 Ark. 431; 1 Red. on Railways [3 Ed.]

p. 623; Mills on Eminent Domain, sec. 166; Pierce on Railroads, p. 211; *Down v. Railroad*, 32 Wis. 569; *Welch v. Railroad*, 19 Mo. App. 127; *Railroad v. Lee*, 13 Barber, 169; *Railroad v. ———*, 53 Barber, 457; *Park v. Dunham*, 85 Ill. 569. Also cases cited in note on p. 197, 14 A. & E. R. R. Cases; *Mo. B. Co. v. Ring*, 58 Mo. 491; *Railroad v. Ammsman*, 11 At. Rep. 561 (Penn. Case); *Railroad v. Taylor*, 17 A. & E. R. R. Cases, 100.

*C. C. Dickinson* and *Jas. Parks & Son*, for respondent.

(1) The non-suit does not affect the source and effect of the decree in the suit of *W. A. McReynolds v. Railroad*. Defendant was entitled to seek affirmative relief in his answer. R. S. 1879, sec. 3673. When in the action for damages, defendant filed its answer, asking reformation and specific performance of the agreement, and plaintiff filed his reply, there were necessitated two separate trials (which were had); one in a court of equity, the other in a court of law. *Estes v. Fry*, 94 Mo. 266; *Crow v. Peters*, 63 Mo. 429; *Boeckler v. Railroad*, 10 Mo. App. 488; Green & Myer, Practice, secs. 558 and 559. From the decree defendant might have appealed. *Johnson v. Railroad*, 24 Am. & Eng. Ry. Cases 266. Had the prayer of defendant for affirmative relief been granted instead of being refused, plaintiff could not have avoided the effect of such a decree by taking a non-suit. Yet such is the logic of appellant's position. See *State ex rel. v. Givan*, 75 Mo. 517. The pleadings in that case did authorize the decree. If plaintiff in his reply had asked that the agreement be held for naught, it would have constituted a departure. The files and decree were admissible in evidence to show a construction of the agreement and that construction is *res adjudicata.*

*Buchanan v. Smith*, 75 Mo. 463, and cases cited. A judgment is conclusive *inter partes* not only of the point it professes to decide, but of matters which were actually determined as the ground work of the decision. Herman on Estoppel and Res Adjudicata, secs. 98, 99, 110, 111, 262, 338; *Choteau v. Gibson*, 76 Mo. 38; *State ex rel. v. Boothe*, 68 Mo. 552; 6 Wait's Act. and Def. 786. (2) Defendant's demurrer to the evidence should not have been sustained. Plaintiff's permission to defendant to build its road over his premises is no bar to his recovery in this action. Neither was the written agreement unless specifically enforced any defense. *Perkins' Adm'r v. Railroad*, (72 Me. 95) 5 Am. & Eng. Ry. cases 608; *Railroad v. Algire*, 25 Am. & Eng. Ry. 148; *Railroad v. Railroad*, (78 Ala. 274) 29 Am. & Eng. 363. (3) Plaintiff's instruction number 3 has received judicial sanction in *Railroad v. Ridge*, 57 Mo. 599 and *Railroad v. Waldo*, 70 Mo. 629. (4) Defendant's instruction number 2, refused by the court, does not correctly declare the law. The proper measure of damages, is "what would the property, while unaffected by the obstruction, have sold for at the time the injury was committed and what would the property have sold for at the same time, as affected by the injury;" the difference is the true measure of damages. *Railroad v. McCloskey*, (Penn. Repts.) 23 Am. & Eng. Ry. Cases 86; *Railroad v. Cetz*, 28 Am. & Eng. Ry. Cases 244; *Setzler v. Railroad*, 24 Am. & Eng. Ry. Cases 280. Defendant's instruction number 2 would permit general benefits to be deducted from the damages. Such is not the law. *Combs v. Smith*, 78 Mo. 32; *Railroad v. Ridge*, 57 Mo. 599; *Railroad v. Waldo*, 70 Mo. 629; *Railroad v. Chrystal*, 25 Mo. 544; *Lee v. Railroad*, 53 Mo. 178. Such an instruction would allow the general increase in value of property in the neighborhood consequent upon the projected construction of the road to be deducted from the damages. Neither is this the law. *Railroad v. McCloskey*, (Penn. Repts.) 23 Am. & Eng.

Ry. Cases 86 ; *Railroad v. Blake*, (Ills. Repts.) 24 Am. & Eng. Ry. Cases 288 ; *Railroad v.* ——, 10 Am. & Eng. 214.

GILL, J.—I.   In our opinion the former litigation had, and judgment entered therein, settled forever and completely the rights and liabilities of the parties to the agreement made on September 10, 1884.

It was a matter fairly in issue under the pleadings of that case, and the court was, *by request of the defendant*, joined therein by plaintiff, asked to adjudicate the respective claims of the plaintiff and defendant.   This was done, and the court found the facts, and decreed, in accordance with the facts, " that the consideration of said contract had wholly failed—that the same was without consideration, void and of no effect."   This is a final decree, not reversed, nor appealed from, and by it the parties are forever bound.   *Buchanan v. Smith*, 75 Mo. 463;   *Choteau v. Gibson*, 76 Mo. 47 ; *Hickerson v. City of Mexico*, 58 Mo. 64.   Neither was such a judgment, so had in the equity case, disturbed by the subsequent non-suit in the action at law.

There had grown out of the original *one* action a separate *equity* suit, which was, and should have been, separately tried, determined and separate judgment entered.   It could not have been properly tried in any other way.   *Estes v. Fry*, 94 Mo. 271.

Such judgments are so entirely separate and distinct that the appellate courts will affirm one and reverse and remand the other.   *Crowe v. Peters*, 63 Mo. 429– 436 ; *Boeckler v. Railroad*, 10 Mo. App. 453 ; *State ex rel. Dixon v. Givan*, 75 Mo. 517.

The case at bar, then, is before us, relieved altogether of any incipient agreement, since, by the judgment of a court of competent jurisdiction, it no longer exists as a living, valid contract, and we are thereby under no necessity of further considering several points suggested, in connection therewith, in defendant's brief.

II.  It seems the court fairly instructed the jury. Objection is made to plaintiff's instruction, number 3, for the alleged reason "that it confines the attention of the jury to the forty-acre tract, independent of the whole farm." The context of the whole instruction does not fairly warrant this criticism. In fixing plaintiff's damages the jury was in effect correctly told to regard the quantity and value of the land actually taken, and the damage, if any, to the remaining portions of the tract of which it forms a part, and to set-off against this sum such benefits as the farm may have received by reason of the location of the railroad, which are special, or peculiar, to the farm, and not common to other lands in the same neighborhood. To concede this to be the proper measure of damages, in addition to approving the court's instructions, furnishes, as well, good reason for the court's action in failing to give defendant's instructions numbered 2 and 6. *Railroad v. Ridge*, 57 Mo. 600 ; *Railroad v. Waldo*, 70 Mo. 629 ; *Lee v. Railroad*, 53 Mo. 179 ; *Railroad v. Chrystal*, 25 Mo. 544 ; *Newby v. Platte Co.*, 25 Mo. 258.

Under the petition the court was fully warranted in submitting to the jury whatever damages, if any, were done to the entire tract of eleven hundred acres. It was the *gravamen* of the plaintiff's complaint, that he owned and held the whole eleven hundred acres as one farm, that this road was laid out and constructed through and across the same, and that by reason of such appropriation of said strip through and "across said lands" he was damaged, etc. Besides, this was the theory upon which defendant introduced a number of witnesses and it was sought by them to show to the jury that the tract of land, taken as an. *entirety*, was not injured. The damages proved were within the allegations of the petition. *Burkeholder v. Rudrow*, 19 Mo. App. 65. And the trial court was correct in refusing defendant's instruction number 6. *Combs v. Smith*, 78 Mo. 32 ; *Welsh v. Railroad*, 19 Mo. App. 127.

III. That the defendant may have entered upon this land, to construct its road in 1884, with the consent of the plaintiff, is no bar to this action. *Griswold v. Railroad*, 8 Mo. App. 582 ; *Allen v. Railroad*, 84 Mo. 651. We have examined in detail, the various reasons urged for reversal of this cause, and in this opinion have reviewed such as, in our estimation, have any apparent merit.

We think, in all matters called to our attention, the cause was fairly tried, and submitted on proper issues and correct instructions.

The judgment of the circuit court is therefore affirmed. The other judges concur.

*On motion for a rehearing.*

PER CURIAM.—It is urged, on motion for a rehearing, that our holding as to the measure of damages in this cause is in conflict with the rulings of the supreme court as announced in the following causes : *Mueller v. Railroad*, 31 Mo. 262; *Soulard v. City of St. Louis*, 36 Mo. 546 ; *Jamison v. Springfield*, 53 Mo. 224 ; *Railroad v. Ridge*, 57 Mo. 599 ; *City of Springfield v. Schmook*, 68 Mo. 394.

We think we are supported by *Welsh v. Railroad*, 19 Mo. App. 127, and by *Coombs v. Smith*, 78 Mo. 32, although, in case last cited (*Coombs v. Smith*), no attention is paid in the opinion to the cases *supra* holding as we think a contrary view.

However, as in *Coombs v. Smith* there is no express announcement on the question, and since in following the former ruling of this court in *Welsh v. Railroad*, 19 Mo. App. 127, we seem to be in conflict with some of the cases first above referred to, the cause will be transferred to the supreme court for decision.

Motion for rehearing overruled and cause transferred to supreme court.