### DECKER v. GARDNER.

(*Supreme Court, General Term, Fifth Department.* October 23, 1890.)

RECEIVERS—ACTION—SUBSTITUTION AS DEFENDANT.
> The receiver of a railroad company is properly substituted as defendant in an action for tort committed by the company before his appointment.

Appeal from circuit court, Erie county.

Action against G. Clinton Gardner, as receiver of the Buffalo, New York & Philadelphia Railroad Company. There was a judgment for plaintiff, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*John G. Milburn,* for appellant.    *Frederick R. March,* for respondent.

CORLETT, J. The action was originally commenced against the Buffalo, New York & Philadelphia Railroad Company, in August, 1884, and issue was joined. On the 20th of May, 1885, the defendant was appointed receiver of the corporation, entered upon the discharge of his duties, and took possession of the property. In September, 1887, an order was made at special term substituting the defendant in place of the corporation, and allowing the action to proceed against the receiver, with the same effect as if originally commenced against him. This order was made on the part of the plaintiff, but was not opposed by the defendant, who appeared by counsel on the motion. The amended complaint alleges, in substance, that in May, 1884, the corporation, by its agents, wrongfully tore down and carried away his buildings, inflicting damage to the amount of $568. It also alleges an order substituting the defendant. The answer was a denial. The cause was tried before Justice DANIELS and a jury in November, 1889, and resulted in a verdict for the plaintiff. Judgment was entered on the verdict, and the defendant appealed to this court. It appeared on the trial that the railroad company removed and destroyed the buildings occupied by the plaintiff substantially as alleged in the complaint. It was also proved that their value was the sum alleged. At the close of the evidence, the defendant moved for a nonsuit—*First,* upon the ground that the plaintiff had not proved facts sufficient to constitute a cause of action; and, *second,* that the action could not be maintained against the defendant as receiver, the tort having been committed prior to his appointment. The court denied the motion, and the defendant excepted. The defendant put in evidence a judgment in ejectment in favor of the defendant for the land upon which the buildings stood, and the issuing of an execution on the judgment; also gave evidence tending to show that the destruction of the buildings was necessary to enable the company to construct its tracks. The motion for a nonsuit was renewed and denied, and exception taken, and the jury found the sum stated for the plaintiff. The trial court held that the action could not be maintained as one upon contract, but was in tort. The

court also remarked "that as to whether the receiver may ultimately be held liable for trespass in removing this property is a point that it is not advisable at this time to decide." The court then stated that the case must go to the jury substantially on the value of the buildings, excluding all interest in the land. To this ruling the counsel for the defendant excepted. It was proper to substitute the receiver as defendant after his appointment. High, Rec. §§ 213, 260, 315, 316. In *Combs* v. *Smith*, 78 Mo. 32, (decided in 1883,) it was held that an action for tort against a receiver of a corporation could be maintained, although committed by the corporation before his appointment. The trial justice, in stating that it was not necessary to decide the ultimate liability of the receiver in trespass, simply had reference to the manner of enforcing the judgment, and not to the propriety of obtaining it. Though the cause of action alleged in the complaint sounded in tort, the judgment simply establishes a liability and its extent. Neither the receiver nor the corporation can be prejudiced by thus adjudging the plaintiff's rights. The mode of collection is not involved. No good reason is perceived why the action should not proceed to judgment in this manner. No question was raised on the trial by the learned counsel for the defendant as to the plaintiff's being entitled to the buildings, or as to their value. The cause was properly disposed of at the circuit, and the judgment must be affirmed.

MACOMBER, J., concurs. DWIGHT, P. J., not voting.